## J. H. NEAL v. B. LEHMAN.

### No. 942.

**1. Agency—Revocation of Authority—Commissions.**

The authority of an agent to sell land may ordinarily be revoked at any time,
and his interest in the commission to be earned by a sale is not sufficient to pre-
vent such revocation.

**2. Same—What is a Revocation.**

The limitation of an agency to sell to a specified time is a revocation of the
agency from and after such time.

**3. Same—Subsequent Sale by Principal—Commissions.**

An agent to sell land found a prospective purchaser not then ready to buy, and
was informed by his principal that unless a sale could be effected by a given date,
his authority would be revoked. Held, where such limitation of time is reason-
able and made in good faith, the agent would not be entitled to commissions on a
sale made by the principal after such date, and to the same prospective purchaser
with whom the agent had dealt.

4. **Practice on Appeal—Material Issue Not Passed Upon.**
   Where the judgment below is erroneous and there was no finding by the trial court upon a material issue, the judgment will be reversed and remanded.

APPEAL from County Court of Grimes. Tried below before Hon. J. G. McDONALD, JR.

*H. H. Boone* and *Geo. D. Neal*, for appellant.

*Rogers & Herbst* and *A. F. Brigance*, for appellee.

GARRETT, CHIEF JUSTICE.—Appellee recovered a judgment against appellant in the County Court of Grimes County for $500 as commissions for the sale of land. The contract of employment to sell was made in March, 1894, and, as first made, appellant agreed with appellee to pay him $500 if he would find a purchaser for the land at $13,000, there being no limit as to the time within which the purchaser should be found. Appellee sometime in April induced one Charles Holle to look at the land. Holle was willing to buy it if he could sell his own farm. Appellee informed appellant that Holle wanted to buy and gave him his name. Appellant then told appellee that if he wanted to earn his commissions, the sale must be completed by June 1, as he desired to improve the land if not sold by that time. No sale was effected by June 1, and the appellant made improvements to the value of about $500. On July 27, Holle went to the appellant in person and bought the land for $13,500.

Appellee was the agent of appellant to sell the land. His authority to sell could be revoked at any time by the appellant. His interest in the commissions to be earned was not sufficient to prevent the revocation. Mechem on Agency, sections 204 and 207. The limitation of the agency to June 1 was a revocation of the agency from that time. Appellant would be liable for the commissions if the revocation was made in bad faith and as a mere device to escape the payment thereof. There is nothing in the action of the appellant limiting the authority of the appellee to sell to June 1 to indicate a want of good faith. A reasonable time was left for the completion of the sale, even if the negotiations had been approaching success, which was not the case. These had progressed no further than that Holle would buy if he could sell his farm. Appellee is not entitled to the commission from the fact that a sale of the land was finally made by the appellant to the person with whom he had negotiated and to whose attention he had brought the property. His employment, as limited, was to sell by June 1; this he did not do; and when his employment ceased, there was little prospect of a sale. Nearly two months afterwards negotiations were reopened by the purchaser with the appellant and the purchase effected. Appellee, by the terms of his employment, had not earned the commissions, and there was nothing to show a want of good faith on the part of appellant in

revoking his authority, or that the revocation was made as a device to escape the payment of commissions. In such case there is no reason why the appellant might not afterwards sell to the same customer. Sibbald v. Bethlehem Iron Co., 83 N. Y., 378.

The judgment of the court below will be reversed and judgment here rendered in favor of the appellant.

·                                                           *Reversed and rendered.*

Delivered November 7, 1895.

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—The appellee in his motion for rehearing quotes evidence to show that the appellant agreed to allow him to sell the land after June 1, if the purchaser would pay for the improvements to be made by the appellant. It appears from the conclusions of the judge who tried the case below and the briefs of the parties in this court, that the appellee recovered judgment below upon the erroneous view of the law that the contract between the parties could not be revoked, and the trial judge made no finding as to whether appellant had agreed to allow the contract to remain in force after June 1, provided the purchaser would pay for such improvements as had been made by the appellant. As there was no finding upon the issue thus made, we have concluded to grant the rehearing and to set aside the judgment here rendered in favor of appellant and to remand the case for another trial. In view of another trial it is proper to state that the appellee cannot recover upon quantum meruit, but must recover, if at all, upon his contract.

·                                                         *Reversed and remanded.*

Delivered January 29, 1896.