GILLESPIE v. WILLIAMS. (No. 7398.)

(Court of Civil Appeals of Texas. Dallas. Oct. 23, 1915.)

1. APPEAL AND ERROR ⧆272—PRESENTATION BELOW—REFUSAL OF INSTRUCTIONS.

Assignments of error, complaining of the court's refusal to submit special charges to the jury, will not be considered, where appellant did not except to such refusal in proper time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. ⧆272; Trial, Cent. Dig. § 680.]

2. DAMAGES ⧆78 — BUILDING CONTRACT — LIQUIDATED DAMAGES—PENALTY.

A provision of a building contract that the contractor should forfeit $5 for each day after a certain date that the building remained uncompleted, was a provision for liquidated damages rather than for a penalty, where it appeared that the damages were difficult of ascertainment, and that the sum stipulated for was not grossly disproportionate to the amount of the actual damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157–163; Dec. Dig. ⧆78.]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by George Williams against Joe R. Gillespie. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Lee R. Stroud, of Kaufman, for appellant. Huffmaster & Huffmaster, of Kaufman, for appellee.

RAINEY, C. J. Appellee Williams sued appellant Gillespie for a balance due him of $943.03, for the construction of a residence owned by appellant. Appellant answered admitting a balance due amounting to $423.37, but claimed damages against appellee for failure to construct said building according to contract and for delay in finishing the building within the time agreed upon. Special issues were submitted to the jury, and upon the return of their verdict thereon judgment was rendered in favor of appellee for $666.03. A motion for new trial by appellant having been overruled, he appealed.

[1] The first and second assignments complain of the refusal of the court to submit special charges to the jury. The appellant failed to except to this action of the court in proper time, therefore these assignments will not be considered by this court.

[2] In the contract between the parties for the building of the residence and after providing for the completion of the said building, by May 1, 1913, it further provides that:

"And for each and every day after the first day of May that the building shall remain uncompleted the said Williams shall forfeit to said Gillespie the sum of $5.00, to be deducted from the contract price hereinafter stated."

The question arose on this provision whether it constituted and fixed an absolute sum in favor of appellant, or was it a mere penalty, i. e., the amount of damages sustained by appellant to be ascertained by the evidence? The appellant contends that the contract under the evidence clearly shows that he is entitled to the sum specified as liquidated damages, while, on the other hand, the appellee contends that appellant was only entitled to such sum as measured by the rental value of the premises caused by the delay. Appellant pleaded in the alternative for damages in the event the court held that under the contract he was not entitled to forfeiture as stipulated in the contract. The trial court evidently held that the evidence only raised the question as to damages, and that was to be measured by the rental value of the house. This, we think, is shown by the issue submitted on this question, which was, "What was the reasonable rental value of the house in question from May 1 to September 5, 1913?" This was the only issue presented by the court relating to the question of forfeiture. In this we think the court erred. The provision of the contract specifically states that the forfeit for delay shall be $5 per day, if not completed by May 1st. Whether this fixes the amount as liquidated damages or as a penalty is a question for the court's determination, and—

"in construing this contract in that respect, the subject-matter contained in it indicates the intention of the parties." Farrar v. Beeman, 63 Tex. 175.

We think it appears from the evidence that the damages that flowed to appellant were such as were not easy of ascertainment,

and the sum fixed in the contract will be presumed to be a fair estimate for the compensation for damages that would accrue to appellee in case of delay. The evidence shows that there was no market rental value of such houses in Kaufman county; that there was inconvenience and discomfort incurred by appellant caused by the delay in not completing the building and by reason of loss of time and worry in superintending the construction of the building after the 1st of May and until September 5th. It would be hard to estimate in money what the amount of damage would be under such circumstances. We do not think it can be said that the sum fixed bears such a proportion to the actual loss as to construe the contract as fixing a penalty. In Collier v. Betterton, 87 Tex. 440, 29 S. W. 467, where the consideration for constructing a building was $5,670, it was held that $10 a day was approximately a very large sum to pay for the rent of a house. In this case, however, the consideration for construction was $8,200, and only $5 a day fixed for delay. There is quite a difference between the two. Besides, in that case, there was no evidence as to damages at all, while there was evidence of damages as to matters other than rent in the instant case. If appellant agreed that the beginning of the work should be delayed until January 25th, instead of December 26th, then appellee would be entitled to that much longer time for the completion of the house and the appellant allowed $5 a day for the time delay after such reduction.

The court having failed to construe the contract according to its terms, and the evidence not showing circumstances warranting a different construction, we think the judgment not warranted by the evidence, and it is reversed and the cause remanded.