RIEDEL v. WENZEL.    (No. 5677.)

(Court of Civil Appeals of Texas. San Antonio. May 17, 1916.)

1. APPEAL AND ERROR ⟨⟩213—RESERVATIONS OF OBJECTIONS—FAILURE TO OBJECT TO SUBMISSION OF ISSUE.

Where appellant failed to object to the submission of an issue, the sufficiency of evidence to raise the issue could not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1165, 1304–1308; Dec. Dig. ⟨⟩213.]

2. BROKERS ⟨⟩86(1)—ACTIONS FOR COMPENSATION—SUFFICIENCY OF EVIDENCE—WAIVER OF TIME LIMIT.

In an action for broker's commission on a sale procured by plaintiff, evidence *held* to justify a jury finding that the vendor waived the original time limit in his contract of employment of the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 118; Dec. Dig. ⟨⟩86(1).]

3. APPEAL AND ERROR ⟨⟩1070(2)—HARMLESS ERROR—FINDINGS—IMMATERIAL ISSUES.

It is immaterial whether the evidence in a case supported a finding of a jury upon an immaterial issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4232, 4233; Dec. Dig. ⟨⟩1070(2).]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Conrad Wenzel against Alex Riedel. From a judgment for plaintiff, defendant appeals. Affirmed.

J. P. Pfeiffer, of San Antonio, for appellant. W. H. Kennon, of San Antonio, for appellee.

FLY, C. J. This is a suit for commissions instituted by appellee, who alleged a contract between him and appellant whereby the latter agreed to pay appellee all that he obtained for a certain 130 acres of land over and above $95 an acre. The trial resulted in a verdict and judgment in favor of appellee for $650.

The cause was submitted on four special issues, the jury answering that there was a contract between the parties as to the sale of the land, that there was a time limit as to when the contract would expire, but that appellant waived the time and sold his land to a party who was brought to him by appellee. The jury also found that appellant had not made any improvements on the land after the time limit expired. No issues were requested by appellant, and no objections urged to those submitted by the court.

[1] The jury found that there was a waiver of the time limit of the contract, and there was no objection to the question or answer. By failing to object to the submission of the issue as to waiver, appellant agreed that the facts raised the issue. He cannot be heard now to say that there was no evidence of waiver.

[2] The case of Neal v. Lehman, 11 Tex. Civ. App. 461, 34 S. W. 153, is cited by appellant as authority to show that the contract expired on February 15, 1914, but that decision goes further and to all intents and purposes holds that the time limit could be extended or waived after the date of the limit, and the judgment was reversed so as to permit a finding on that point.

It has been held in several English cases that where there was a time limit as to when a cargo should be provided for a vessel that if the day fixed as the limit has passed, and the cargo is presented for shipment and is placed on board, there would be a waiver of the time limit. Addison on Contracts, § 947. As said by the author cited:

"But even where time is of the essence of the contract, it may be waived by the conduct and actions of the parties, and by the contract being treated and acted upon as a continuing contract after the appointed period."

In Mechem on Agency, § 966, it is stated that a broker should find and present a purchaser within the time limited, and he cannot recover his commission if that is not done, unless the principal has caused the delay, or unless he waives it. In a note the author says:

"If the principal without objection then deals with the purchaser so found he waives the delay."

---

The facts in this case show that appellee brought a purchaser to appellant who was willing and able to purchase, and who did purchase the land of appellant. Appellee swore, and he was sustained by the purchaser, that appellant said nothing about any time limit, but recognized the agency of appellee, and instead of repudiating the contract promised appellee to pay him his commissions out of the proceeds of the first note given for the land. The jury was justified in finding that appellant waived any time limit in the contract. He might have agreed to an extension of time before the time expired, but the waiver of the time could only occur after the time limit had expired, because the right did not exist until the time limit had expired. Appellant availed himself of the services of appellee, and the circumstances show that he acted under the contract made prior to February 15, 1914, and that he fully intended to pay appellee under the terms of that contract. The idea of denying compensation to the man who procured a purchaser for his land did not seem to occur to appellant until some nine or ten months after the land was sold.

Appellant, after February 15, 1914, had the right to repudiate his contract with appellee. The time limit was a valuable right, but he had the right, power, and authority, in consideration of a desirable purchaser for his land having been produced by appellee, to set aside and waive his right to the time limit. He did waive it, and should pay for the services of the broker. That right to the time limit did not exist until the time expired, and not until then could it be waived. The acts of appellee in procuring the purchaser were not those of a volunteer, but were performed under the terms of the contract and were so accepted by appellant.

No special issues were requested, and there is evidence to support every point necessary to uphold the verdict of the jury. The statute provides that:

"Upon appeal or writ of error an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment: Provided, there be evidence to sustain such a finding." Vernon's Sayles' Stats. art. 1985.

[3] It is immaterial whether the facts supported the finding of the jury that no improvements were made on his land by appellant between February 15, 1914, and the time he sold the land, because appellant did not seek to offset the value of the improvements against the claim of appellee, and that would be the only use to which said improvements could have been put in this case. For what purpose did appellant allege and prove improvements? Certainly they could not defeat the claim for commissions. And appellant did not indicate in his pleadings, nor does he indicate what he expected to gain by proof of improvements. So the question of wheth-er there was or was not testimony as to the improvements is a mere abstraction, having no bearing on the vital issues made by the pleadings.

The judgment is affirmed.