## WITCHER v. ADAMS. (No. 648.)

(Court of Civil Appeals of Texas. El Paso. Jan. 11, 1917.)

1. APPEAL AND ERROR ⟳742(1)—REVIEW—COMPLIANCE WITH RULE.

Where an assignment of error was not a proposition in itself, and was not followed by a proposition or statement, under rule 29 (142 S. W. xii), it will not be considered upon appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⟳742(1).]

2. BROKERS ⟳88(2)—ACTION FOR COMPENSATION—REVOCATION OF AUTHORITY—INSTRUCTED VERDICT.

In an action for commissions upon sale of land listed with plaintiff by defendant, but sold by the latter, where the uncontradicted evidence showed the agency to have been terminated in good faith long prior to the sale, the defendant should have had an instructed verdict.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 121; Dec. Dig. ⟳88(2).]

3. BROKERS ⟳86(1)—ACTION FOR COMPENSATION—EVIDENCE.

In an action to recover commissions for sale of land, held, that evidence did not sustain plaintiff's allegation that defendant agreed to pay commission if latter sold to a customer found by plaintiff.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 118; Dec. Dig. ⟳86(1).]

4. BROKERS ⟳44—REVOCATION OF AUTHORITY.

A defendant, having listed property for sale with plaintiff for no particular period, could revoke the agency and sell the land himself, without incurring liability, provided he acted in good faith, and not to escape payment of commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 45; Dec. Dig. ⟳44.]

5. BROKERS ⟳86(2)—REVOCATION OF AUTHORITY—GOOD FAITH.

In an action for commissions for sale of land listed with plaintiff by defendant, held, that evidence did not show bad faith in defendant's revocation of the agency.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 117, 119; Dec. Dig. ⟳86(2).]

6. TRIAL ⟳252(16)—ACTION FOR COMPENSATION—INSTRUCTIONS—QUANTUM MERUIT.

In an action to recover commissions for sale of land, where there was no evidence of the reasonable value of the agent's services, the trial court was not required to submit the issue of quantum meruit.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 606; Dec. Dig. ⟳252(16).]

Appeal from District Court, Midland County; S. J. Isaacks, Judge.

Suit by G. W. Adams against J. E. Witcher. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Caldwell & Leaverton, of Midland, for appellant. Gibbs & Anderson, of Midland, and E. M. Whitaker, of El Paso, for appellee.

HARPER, C. J. G. W. Adams brought this suit against appellant, J. E. Witcher, to recover 5 per cent. of $20,280 upon a verbal contract for services rendered appellant in the sale of a certain ranch, as a real estate agent, or to recover what his services were worth.

Plaintiff alleged that about the 1st day of October, 1914, defendant listed his ranch, consisting of several sections of land, with him as a real estate broker for sale at the price of $5.50 per acre, the purchaser to assume the balance due the state of Texas as purchase money of about $1.50 per acre, and that at the same time defendant agreed to pay plaintiff for his services in procuring a purchaser for said lands a commission of 5 per cent. if sold to a purchaser procured by the plaintiff, and that, pursuant to said contract, he secured one Hutt as a purchaser and induced him to purchase the lands at the price of $20,280 and the assumption of the balance due the state; second, that if he is mistaken as to his right to recover 5 per cent. commission, then in the alternative that defendant in October, 1914, listed the property with him as a real estate broker for sale, that pursuant to said listing, plaintiff procured a purchaser and brought him and defendant together as buyer and seller, and was the efficient procuring cause of the sale above mentioned, and that he was entitled to the reasonable value thereof.

Defendant answered by general exception, general denial, and for special answer pleaded that, if plaintiff was ever employed, it was not for a definite time, that it was terminated in good faith long prior to the sale and acquiesced in by plaintiff, and that the sale, as finally made, was not due to the efforts of the plaintiff, therefore defendant is not liable, etc.

Tried with a jury, and resulted in a verdict and judgment for plaintiff in sum of $1,014, from which this appeal is perfected.

[1] Assignment designated in the brief as "first" is not a proposition itself, and is not followed by a proposition nor statement; therefore cannot be considered. Rule 29 (142 S. W. xii). This rule also requires "the assignments as presented in the brief to be numbered from first to last in their consecutive order," and this provision has not been observed by appellant in the preparation of his brief.

Since we have concluded that the plaintiff's proof does not sustain the allegations in his petition essential to a recovery, the rule in this respect cannot be enforced.

The fifth:

"That the verdict of the jury and the judgment of the court is contrary to the law and the evidence in this cause, because the uncontroverted evidence shows that the agency of the plaintiff herein was terminated in good faith long prior to the date of the sale of said property, and that the defendant, Witcher, never renewed the negotiations in any manner with the purchaser, J. E. Hutt, but that the purchaser, J. E. Hutt, of his own motion, began the negotiations with the defendant, Witcher, which afterward resulted in the sale of said property, and because there is no testimony in the record showing bad faith upon the part of the defendant herein."

[2] The propositions were: (a) An owner employing a broker for no specified term may in good faith terminate the agency without becoming liable for commissions; (b) the uncontradicted evidence showing that the agency was terminated in good faith long prior to the sale, defendant should have had an instructed verdict.

### Findings of Facts.

The defendant employed plaintiff as his agent and agreed in the event of a sale to pay 5 per cent. commissions on the amount received for the lands.

That defendant fixed a definite price for which the lands were to be sold.

The plaintiff found the purchaser and began negotiations for the sale.

[3] That afterwards, before sale and before the proposed purchaser agreed to the price fixed by the defendant, the agency was revoked; that approximately four months after the agency was revoked the proposed purchaser renewed the negotiations with defendant to purchase the land, and without plaintiff doing anything further towards affecting a sale, and the purchase or sale was consummated for about $160 less than the agent was authorized to sell for. The defendant fixed a price of $9,000, and the plaintiff's purchaser at no time prior to the revocation of agency offered more than $8,000. There was no specified time agreed upon between the parties within which the agent should effect a sale. There is no evidence in the record to sustain plaintiff's allegation that defendant agreed in any event to pay the commission if he sold to the customer found by plaintiff.

[4] The appellee could revoke the agency under these facts without incurring liability provided he acted in good faith, and not to escape payment of the commissions earned. Neal v. Lehman, 11 Tex. Civ. App. 461, 34 S. W. 153; Martin v. Jeffries, 172 S. W. 148.

[5] We think there is no evidence in this record which tends to prove that appellant acted in bad faith in revoking the agency. There is no merit in the propositions urged under the third and fourth assignments.

[6] The appellee urges as cross-assignment that the court should have given his charge requested, submitting the issue of quantum meruit. The proposition is without merit, because, to require the trial court to submit the issue made by the pleadings, there must have been evidence of the reasonable value of the agent's services, and none is shown in the statement of facts. Martin v. Jeffries, supra.

For the reason that the evidence is not sufficient to support the judgment entered, the cause must be reversed and remanded for a new trial.