VAKY v. PHELPS. (No. 5832.)

(Court of Civil Appeals of Texas. San Antonio.
April 11, 1917. Rehearing Denied
May 2, 1917.)

1. PLEADING ⚖=67—ANTICIPATING DEFENSES.

In an architect's action for services in drawing plans, under the allegation that the plans were accepted by defendant, it was not necessary for plaintiff to allege defendant's knowledge of defects in the plans when he accepted them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 139.]

2. APPEAL AND ERROR ⚖=1040(16) — HARMLESS ERROR—EXCEPTIONS TO PLEADING.

Error, if any, in overruling exception to a supplemental petition for insufficiency of allegations is harmless, where the amended petition on which the case was tried contained the same language and no exception was taken to it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4104.]

3. APPEAL AND ERROR ⚖=1040(11)—HARMLESS ERROR—OVERRULING EXCEPTIONS.

In architect's action for services in preparing plans defended on ground that plans did not comply with building ordinances, error, if any, in overruling exceptions to allegations as to the building ordinances was harmless, where the jury found that the architect prepared and completed the plans in accordance with his employment, and that the defendant accepted them, in view of rule 62a (149 S. W. x).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4099.]

4. APPEAL AND ERROR ⚖=544(1) — SCOPE OF REVIEW—RECORD—BILL OF EXCEPTIONS.

To secure revision on appeal of the trial court's action in giving or refusing special instructions, a written bill of exception must be taken.

5. JUDGMENT ⚖=256(6)—VERDICT TO SUPPORT —SUFFICIENCY.

In architect's action for compensation for plans prepared, a verdict that he prepared and completed the plans in accordance with his employment, and that defendant accepted the plans, that the cost of the building would have been $69,000, that defendant agreed to pay 3½ per cent. thereof to the architect, is sufficient to sustain a judgment for 3½ per cent. of $69,000.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 452.]

**6. CONTRACTS ⬚323(1) — PERFORMANCE — ARCHITECTS—QUESTIONS FOR JURY.**

Evidence *held* to warrant submission to jury of issue whether an architect completed plans in accordance with his employment and whether the employer accepted them.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1466.]

**7. APPEAL AND ERROR ⬚928(2) — PRESUMPTIONS.**

Where an issue was submitted without objection in the form required by statute, it raises the presumption on appeal that appellant waived any objection that the evidence was insufficient to support the instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3750.]

**8. APPEAL AND ERROR ⬚263(3)—PRESERVATION OF GROUNDS OF REVIEW—SPECIAL ISSUES.**

If a party desires special issues relied upon by him to be submitted to the jury, he must prepare or ask the court to prepare a special instruction submitting such issue, and, if the instruction is refused, raise the question on appeal through a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1518, 1525.]

**9. APPEAL AND ERROR ⬚1170(10)—REVERSAL —COMPUTATION OF DAMAGES.**

Where an architect in action for compensation claimed 3½ per cent. of $70,000, the estimated cost of building, and the evidence showed that the lowest bid was $69,800, and the issue submitted was, "What would have been the cost of a building erected in accordance with the plans?" and the answer was "$69,800," and to another issue as to amount recoverable the jury answered, "Three and one-half per cent.," error, if any, was harmless, in view of rule 62a; the difference in recovery between the actual and estimated costs amounting to about $7 only.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4066, 4544.]

**10. CONTRACTS ⬚234 — COMPENSATION OF ARCHITECT—DEDUCTION.**

In an architect's action for compensation for plans drawn, defendant is not entitled to a deduction from the agreed compensation of an amount required to change the plans to conform to his requests, where the jury found that he had accepted the plans as submitted.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1099, 1100.]

**11. APPEAL AND ERROR ⬚1033(7)—HARMLESS ERROR.**

In architect's action for compensation on basis of 3½ per cent. of total cost, a finding that it would not have cost over $70,000 to have constructed the building was harmless as to the defendant, since if the evidence would not have supported the finding, the cost would have been greater and plaintiff's recovery would have been greater.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4059.]

**12. CONTRACTS ⬚294 — PERFORMANCE — SUBSTANTIAL COMPLIANCE.**

Where an architect employed to draw plans for building estimated to cost $70,000 drew plans which cost $75,000, he substantially complied with the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1352, 1357–1361.]

**13. APPEAL AND ERROR ⬚281(1)—PRESERVATION OF GROUND OF REVIEW—MOTION FOR NEW TRIAL.**

Errors not brought to the attention of the trial court in motion for new trial cannot be considered, unless they are fundamental errors apparent from the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3281.]

Appeal from District Court, Bexar County; Joseph Jones, Special Judge.

Action by Henry T. Phelps against P. Vaky. Judgment for plaintiff, and defendant appeals. Affirmed.

Emmet L. Coleman, of Corpus Christi, and Lewright & Douglas, of San Antonio, for appellant. Scott & Dodson, of San Antonio, for appellee.

SWEARINGEN, J. This is a suit by Henry T. Phelps against P. Vaky to recover compensation for architect services. It was a jury trial, the case being submitted to the jury upon special issues. On the verdict of the jury the court rendered judgment for Phelps, the appellee, against Vaky, the appellant, for $2,548.85.

The cause of action pleaded of which there was evidence, limited by special instructions to the jury, and the verdict thereon, is substantially as follows:

The appellant, P. Vaky, employed Henry T. Phelps, who lived in San Antonio, Tex., as an architect to prepare plans and specifications for a building, estimated to cost approximately $70,000, being a three-story fireproof building, 100 by 150 feet in size for appellant's lot in Corpus Christi, Tex. The dimensions of the lot were furnished to appellee by appellant. After several preliminary sketches were made by the architect and submitted to the appellant, which were revised and approved by him, the architect, upon instructions, prepared complete plans and specifications and submitted them to appellant, who again suggested changes, which were incorporated into new complete plans and specifications, which in turn were submitted to the appellant, who approved and accepted them and ordered them submitted to various contractors for the purpose of having the building erected according to the plans and specifications.

The architect was employed under an express contract to prepare the plans and specifications which were accepted as above stated. The price was expressly agreed upon, and was to be 3½ per cent. of the estimated cost of the building. It was contemplated by both appellee and appellant that bids for constructing the building were to be received from a number of contractors, the lowest responsible bid to be accepted. Bids were received. The lowest bid was made by P. M. Gordon, who offered to construct the building for $69,800. The appellant refused to build, and also refused to pay the architect any compensation for his services.

For defense against the cause of action appellant alleged that the property on which the building was to be erected was within

the "fire limits" of the city of Corpus Christi; that an express agreement was made to pay appellee 3½ per cent. of the cost of the building for preparing complete plans and specifications if appellant should build, or 1¾ per cent. of the cost of such building, in case appellant should not build; that the dimensions of the building were to be commensurate with appellant's two adjoining lots described in appellee's first amended petition; that appellee represented himself to be skilled and competent in the art of preparation of suitable plans and specifications for the contemplated building; that upon such representations appellant relied and confided to appellee the preparation of plans and specifications in compliance with the laws of Texas and the ordinances of the city of Corpus Christi. He further alleged that the plans and specifications were defective in 18 particulars, briefly summarized, as follows: Did not conform to dimensions of the lots. No provision for sunlight and ventilation of lavatories and corridors. Unsatisfactory location of columns. No provision for painting of interior walls of storerooms. No provision for connection with city water mains. The plans failed to comply with the ordinances of the city of Corpus Christi in six different particulars. The provision for quality of tiling was confusing. In addition to the above, it is alleged in defense that the plans were for a building costing $70,000 or $80,000, whereas the agreement was for plans for a building to cost not exceeding $60,000, and finally alleged that the plans were altogether worthless and useless.

Specific mention of relevant pleadings and evidence will be made in discussing the 31 assignments.

[1] The first assignment is that it was error to overrule appellant's special exception to the third paragraph of appellee's supplemental petition, which alleged that appellant accepted and approved the plans and specifications. The exception was that the allegation should have stated that the appellant knew of the several defects at the time of acceptance and approval. This was a fact for the defense to allege.

[2] If there is any merit in this exception in itself, it is harmless error in this case, because a similar allegation is made in nearly the same language in the third paragraph of appellee's first amended petition, on which the case was tried, to which no exception was taken.

[3] The second, third, fourth, fifth, and sixth assignments complain of error in overruling exceptions to appellant's allegations in reference to building ordinances of the city of Corpus Christi. If error at all, it is harmless error, in view of the issues submitted to the jury and the verdict thereon. The issue was, Did the appellee prepare and complete the plans and specifications in accordance with his employment, and did the appellant accept them? The verdict was in the affirmative. The verdict is supported by the evidence. The assignments present no reversible error, and are overruled. Rule 62a (149 S. W. x.)

[4] All the assignments from 7 to 23, inclusive, urge error of the court in giving or refusing special instructions. There is no bill of exception in the record. In order to have a revision, on appeal of the trial court's action in giving or refusing a special instruction, a written bill of exception must be taken. Gulf, T. & W. Ry. Co. v. Dickey (Sup.) 187 S. W. 188.

The twenty-fourth assignment is that the court erred in rendering judgment for 3½ per cent. of $69,800, because the verdict is not sufficient to sustain the judgment.

[5] The verdict is that appellee prepared and completed the plans and specifications in accordance with his employment, and that the appellant accepted such plans and specifications, and, further, that the cost of the building erected in accordance with these plans and specifications would have been $69,800, and that appellant agreed to pay appellee 3½ per cent. thereof for his compensation for preparing the said plans and specifications. We think the judgment is sustained by the verdict. Whether the verdict is sustained by the evidence is not a question raised by this twenty-fourth assignment, which is overruled, but the insufficiency of the evidence to support the verdict is presented by the twenty-fifth assignment. The testimony of appellee himself is that he prepared complete plans and specifications for a building exactly as he was employed to do; that all plans and specifications were checked over and examined by appellant, approved and accepted. This issue was pleaded and submitted to the jury by question No. 2, and answered in conformity with appellee's testimony.

It is true appellant pleaded that he confidently expected the architect, in effect, to guarantee that the plans would fit the dimensions of the ground and be free from defects, such as dark and unventilated lavatories and corridors, and violations of building ordinances of the city of Corpus Christi. There was neither pleading nor evidence that the architect expressly agreed to such a contract, or that such a contract was suggested at the time of the employment.

Then again, the evidence shows that the defendant, himself, furnished the dimensions of his property for the purpose of forming the basis for the dimensions of the building. It further shows that defendant was satisfied with all the arrangements of corridors and lavatories. There is evidence that the building planned and specified complied with all the building ordinances of Corpus Christi, though there is evidence that the fire escapes were ladders and not stairs, as required by the ordinance, but as to this the change could easily have been made if nec-

essary, and would have been made in the plans and specifications of the fire escape.

[6, 7] The evidence abundantly supported the second issue submitted to the jury. The fact that the issue was submitted without objection in the form required by the statute compels us to presume that appellant waived any objection that the evidence was insufficient to support the instruction. Riedel v. Wenzel, 186 S. W. 386.

[8] If appellant desired the issues relied upon by him submitted to the jury, the rules of practice provided by the statute required appellant to prepare, or ask the court to prepare, a special instruction, submitting to the jury those issues, and if this were refused, to bring the facts of the adverse ruling before this appellate court by bill of exception approved and signed by the trial judge. Railway v. Dickey (Sup.) 187 S. W. 188. This was not done; hence we are forced to confine our investigation of the facts merely to the search for evidence to support the verdict upon the questions actually submitted. The question involved in this assignment was: Did the architect prepare complete plans and specifications in accordance with his employment, and did the appellant accept them? The evidence is that he did. The twenty-fifth assignment is overruled, and for the reasons above given the twenty-sixth assignment is also overruled.

[9] In the twenty-seventh assignment it is urged that the answer of the jury to the fourth question submitted is too vague and uncertain to support the judgment rendered. The answer is: "Three and one-half per cent." It fails to state what amount is to be multiplied by the 3½ per cent. to ascertain the product. The issue pleaded was that the architect was to prepare the plans and specifications for 3½ per cent. of the estimated cost of the building, which was $70,000. The evidence is that when the agreement for compensation was made $70,-000 was the estimated cost of the building, and was discussed rather extensively by both parties. It is true appellant testified that he understood from appellee that the estimated cost was only $60,000, but the jury found in favor of appellee's version, which binds us. The jury could have properly found from the evidence that the agreed compensation was 3½ per cent. of $70,000. But appellee testified that the agreement was to pay 3½ per cent. of the cost of constructing by the lowest responsible bidder. The pleadings base the calculation upon the estimated cost of $70,000. The evidence bases it upon the cost as shown by the lowest responsible bidder, which was $69,800. The issue submitted was the actual cost of building. The question No. 3, submitted, conformed strictly to neither pleading nor evidence, for it reads as follows: "What would have been the cost * * * of a building erected in accordance with the plans and specifications * * *"? The answer was: "$69,800."

While recognizing the binding force of the rules of law requiring the allegata and probata to correspond and requiring the courts to submit in special instructions only those issues made by the pleading and evidence, yet where the result in any event is practically the same, the only difference being to give to the appellant the slight advantage of a few dollars, in this instance $7, and especially where no objection was made to the special issue or to the variation between the pleading and evidence, and more especially where appellant expressly agreed, as in this case, that the 3½ per cent. should be, by the court, calculated upon the amount it would have cost to construct the building, as appears from the court's recital in the judgment, we believe there is no harmful error, and under rule 62a we must hold that the error, if any, is not reversible. We believe, however, that appellant should be held, from the record before us, to have agreed that the 3½ per cent. should be by the court calculated upon the $69,800 found by the jury to be what the cost would be. The twenty-seventh assignment is overruled.

[10] The twenty-eighth assignment complains of an excess of $125 in the judgment. The contention is that the evidence shows it would have cost the architect $125 more to have changed the plans and specifications to comply with certain suggestions made by the appellant after appellee had performed his contract fully and the work had been accepted by appellant. The jury found that appellee had fully performed his contract, and that appellant had accepted the work. No issue was submitted to the jury as to partial failure to perform and the value thereof. We overrule the twenty-eighth assignment.

[11, 12] The twenty-ninth assignment is that the evidence does not support the jury's verdict, which was that it would not have cost over $70,000 to have constructed the building according to the plans and specifications made by appellant for appellee. While the evidence is conflicting, there is ample evidence to support the verdict. Furthermore, we cannot see that, even if the finding was error, it was such error as could be harmful, for if, as insisted by appellant, the cost would have been greater, the architect's commission would have been greater. If by this assignment it is meant that plans for a building that would cost $75,000 was not a compliance with a contract to prepare plans for a building that was estimated to cost $70,000, the contention is untenable, as has been expressly decided in Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049.

[13] The errors complained of in the thirtieth and thirty-first assignments were not brought to the attention of the trial court in the motion for new trial, and cannot be considered, for they are not fundamental errors apparent upon the record. The thirtieth is based upon conflicting testimony as to wheth-

er or not the footings did actually extend over upon the land of another, and whether the error, if any, was that of appellant or appellee. The thirty-first has been disposed of in our discussion of the twenty-seventh assignment of error.

It seems to us from the whole record, to which we were invited by the assignment of fundamental error, that the parties agree that appellee was employed by appellant for a certain purpose, and that appellee performed that service. The only material difference between them is the amount the architect's compensation should be, in view of the fact that no building was actually constructed. Appellant contends, and, in effect, testified that he only owes 1¾ per cent. of $60,000, which he claims was the contemplated cost of the building. 1¾ per cent. of $60,000=$1,050. On the other hand, appellee contends that appellant owes him 3½ per cent. of $70,000, which was the contemplated cost of the building: 3½ per cent. of $70,-000=$2,450. This issue was fairly submitted to the jury and determined in favor of appellee.

The judgment of the trial court is affirmed.