SCHRAUB v. UHR. (No. 5901.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1917.)

APPEAL AND ERROR ☞501(4)—RECORD—PRESENTATION OF EXCEPTIONS.

Prior to the amendment of the statute by Acts 35th Leg. c. 177, the giving or refusal of special issues could not be reviewed where appellant did not embody his exceptions in a written bill of exceptions showing the essential facts and verified by the trial court.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Action by Henry Uhr against A. G. Schraub and another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

E. E. Fischer and H. E. Short, both of Seguin, for appellant. Dibrell & Mosheim, of Seguin, for appellee.

SWEARINGEN, J. Henry Uhr, the appellee, brought this suit to recover upon a balance of approximately $2,000 on a $2,350 promissory note against A. W. Greene and Arthur G. Schraub and to foreclose a lien securing same, and for the value of certain personal property upon which the lien was given, which had been sequestered by appellee and replevied by appellant, Schraub.

Appellant, Schraub, in addition to his defenses, asked for judgment against appellee, Uhr, for $692, which item was not connected with the note and lien or sequestration.

Special issues were submitted to the jury. The court rendered judgment in favor of appellee against A. W. Greene for the balance of the note, together with interest and attorney's fees, and foreclosing the lien. It rendered judgment against appellant, A. G. Schraub, and Adam Schraub, Edw. C. Meyers, and Peter A. Meyers, sureties on the replevin bond, for $1,103.60, the value of the property replevied by Schraub, and rendered judgment in favor of Schraub against appellee, Uhr, for the amount of the separate indebtedness set up in Schraub's cross-action.

Appellant, Schraub, appealed. A. W. Greene did not.

The cause of action pleaded by appellee, Uhr, was the indebtedness evidenced by the note and the lien securing same. The note was alleged to have been executed by Greene, and subsequently assumed by appellant, Schraub, but was not paid, though past due. Allegations for attorney's fees and foreclosure were made. The sequestration by Uhr, replevy by Schraub, and also the replevin bond, and the value of the property when replevied, were all alleged.

Greene and Schraub joined in their answer, and after a general demurrer and denial specially answered that the note and lien securing same were for a valuable consideration canceled by the mutual agreement of Uhr, Greene, and Schraub. The consideration averred was that Uhr primarily contracted certain debts amounting to something more than $1,000 while conducting the saloon business which seems to have been the "Pandora's box." Schraub bought the saloon from Uhr, and agreed to pay these debts contracted by Uhr. Uhr bought from Schraub, and again assumed the payment of these continuing debts, which were for supplies for the saloon. Then Greene stepped in, and assumed their payment, and finally, when Greene, Schraub, and Uhr anticipated that the parties to whom these numerously assumed debts were due would attempt to force payment thereof from one or all the assumers, then, when this fear of forced payment became acute it is alleged that Uhr, as well as the other parties to the agreement, considered it a valuable consideration to have Schraub, by payment, to relieve Uhr from this imminent forced payment, and, after thus avoiding the threatened personal judgments and extinction of the saloon business, Uhr was to resume the conduct of the saloon free from the danger of immediate extinction; but Uhr was to pay Schraub the amount paid by him to the threatening creditors. Such, in a general way, are the averments of Schraub, the appellant, and of Greene, who did not appeal.

We find the facts to be that Uhr did first inaugurate this saloon business, ran it for a period, and incurred debts for goods, wares, and merchandise for the business of more than $1,000. Uhr sold to Schraub, who assumed the indebtedness, and paid something on them. Uhr repurchased, and as part consideration assumed the payment of the aforesaid debts. Then Uhr sold to Greene. Greene assumed the said debts and executed the $2,350 promissory note and the lien which are the basis of this suit. Shortly thereafter the longevity of the running accounts became a question of serious doubt, and gave to Uhr and Schraub sufficient concern to induce them to discuss the payment thereof and to induce them to visit San Antonio to discuss the matter with at least one of the creditors. After this visit of Uhr and Schraub to San Antonio, Schraub, who seems to be

the only one of the trio who had sufficient means, again took possession of the saloon, ran it, and paid the long-lived debts, and thus acquired all, if any, rights of the original creditors.

There seems to be no conflict in the testimony upon any of the above-mentioned facts.

Now follows the conflict in the testimony of the witnesses out of which this lawsuit developed.

Schraub, Greene, and Hansen testified that among the considerations which induced Schraub to finally assume and to actually pay the merchandise debts was the agreement of Uhr to cancel the $2,350 note and the lien securing the same, and the stipulation that as soon as Uhr could acquire funds amounting to the merchandise debts he would pay same to Schraub and reacquire the saloon and all its business. The assets were about $1,100.

Uhr, to the contrary, testified that he agreed to accept Schraub's liability for the $2,350 jointly with Greene and agreed for Schraub to pay the outstanding merchandise debts. Uhr denied in his testimony that he ever agreed to cancel the note or lien. The three adverse witnesses testified that he did.

The sequestration, the replevy, the bond, and the value of the goods were all proven without dispute; likewise the separate indebtedness of Uhr to appellant, Schraub, of about $690 from which there is no cross-assignment. An automobile figured somewhat in the pleadings, evidence, verdict, and judgment, but all parties have eliminated it from our consideration.

The first and third assignments cannot be considered, because they complain that the trial court refused to give special issues requested by appellant; but appellant has failed to embody his exceptions in a written bill of exceptions showing the essential facts and verified by the trial court.

In November, 1916, when this case was tried, and until 90 days after March 21, 1917, when the statute relating to exceptions to the trial court's action in refusing or giving special instructions was amended, the Court of Appeals had no power to review such actions of the trial court unless the exceptions and essential statutory facts were embodied in a written bill of exceptions verified by the trial court. Gulf, T. & W. Ry. Co. v. Dickey (Sup.) 187 S. W. 189; Vaky v. Phelps, 194 S. W. 601.

The second assignment cannot be considered, for similar reasons. In this assignment complaint is made that the court's charge submitted special issues to which appellant asserts he objected. For a review by us of such questions it was requisite, prior to the amendment by acts 35th Leg. c. 177, that the presentation of the objections at the proper time be shown by a writing authenticated by the court.

The fourth assignment must be overruled. We think the chattel mortgage was not erroneously admitted over objection of appellant.

The judgment is affirmed.