GILLESPIE v. WILLIAMS.    (No. 1940.)

(Court of Civil Appeals of Texas. Texarkana. June 28, 1918. Rehearing Denied Nov. 14, 1918.)

APPEAL AND ERROR &#8694;209(1) — FAILURE TO OBJECT IN LOWER COURT — GROUNDS FOR SUBMISSION OF ISSUE.

The sufficiency of evidence to support a finding will not be considered on appeal, where the submission of the issue was not objected to in lower court on the ground of insufficiency of evidence.

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by George Williams against Joe R. Gillespie. Judgment for plaintiff, and defendant appeals. Affirmed.

December 28, 1912, appellee and appellant entered into a contract whereby the former, in consideration of $8,200 to be paid to him, undertook to furnish the material and build and complete a dwelling house for the latter.

By this suit appellee sought to recover of appellant $548.95, which he claimed as a balance unpaid of the $8,200, and $404.08, which he claimed was due him for material furnished and work done at appellant's request, not covered by the contract between them.

In his pleadings appellant admitted he had not paid to appellee $423.63 of the $8,-200; denied that appellee at his request had furnished material and did work he was not bound by the contract to do; asserted that, if appellee furnished such material and did such work, he nevertheless was not entitled to recover therefor, because of a provision in the contract set out below; charged that appellee, in various particulars specified, had failed to comply with his undertaking, whereby he (appellant) was damaged in sums aggregating $2,769.70; and prayed for a recovery against appellee of $2,346.07 —the difference between the $423.63 of the $8,200 which he admitted he had not paid, and the $2,769.70 which he claimed as the damages he was entitled to recover of appellee.

Appellant's claim to $635 of the $2,769.70 damages he sought to recover was based on a stipulation in the contract as follows:

"Work to begin on said building at as early a day as practicable and to be completed and ready for occupancy by the 1st day of next May, and for each and every day after the 1st day of May that the building shall remain uncompleted the said Williams shall forfeit to the said Gillespie the sum of $5, to be deducted from the contract price hereinafter stated."

It appeared from the testimony that the building was not completed and ready for occupancy before September 5, 1913. Appellee contended that appellant waived the right he had to demand a compliance with the stipulation set out above, and was estopped from asserting against him a liability on account of the delay in the completion of the building.

The provision in the contract referred to above as relied upon by appellant as a bar to a recovery by appellee of anything for material he might have furnished and work he might have done at appellant's request not covered by the contract was as follows:

"Any change in the plans and specifications hereafter agreed on by the parties hereto that contemplate an increase or reduction of the price to be paid for said house must be reduced to writing and signed by both the parties and such reduction specified."

On special issues submitted to them the jury found: (1) That appellant had not paid $488.20 of the $8,200 he agreed to pay appellee for building the house. (2) That by agreement with appellant appellee furnished material and did work, specifying same, not covered by the contract, of the value of $346.10. (3) That by agreement a change was made in walls of the building, whereby the cost thereof was reduced $52.-80 below the amount same would have cost, had the change not been made. (4) That appellant declared, when the agreements covering the changes in the contract were

made, that it was unnecessary to reduce the same to writing. (5) That appellant "expressly agreed that he would waive the clause of the contract which provided for a forfeiture of $5 per day for each day the house was not completed after May 1, 1913. (6) That the reasonable rental value of the house from May 1 to September 5, 1913, was $25 per month.

On the ground that it conclusively appeared that appellee had failed to perform his contract in certain particulars specified by appellant to the damage of the latter in the sum of $63, the court found in appellant's favor for that amount, and, overruling a motion by appellant to make other findings in his favor and on such findings, when made, and those made by the jury, to render judgment in his favor, rendered judgment for appellee against appellant for the sum of $718.50 and interest thereon from September 5, 1913, amounting together, to the sum of $854.32.

It appears that the $718.50 adjudged to appellee was the difference between the aggregate (to wit, $834.30) of findings by the jury in his favor as follows: Balance of the $8,200 unpaid, $488.20; difference in price of certain material bought of Phillips, instead of Bacon, which appellant agreed to pay, $86.20; difference in cost, mantels used, placed in building, and those appellee agreed to place therein $74.90; cost of change made in back porch, $130; cost of china closet, $55—and the aggregate (to wit, $115.-80) of the finding by the jury of $52.80 in appellant's favor on account of decreased cost of walls and the findings by the court in his favor, amounting to $63.

Lee R. Stroud, and Cosnahan & Ashworth, all of Kaufman, for appellant.

Huffmaster & Huffmaster and Terry & Brown, all of Kaufman, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists that the finding that he had waived a right he otherwise would have had (179 S. W. 1101) to recover of appellee as liquidated damages $5 a day for each day the building remained incomplete after May 1, 1913, was not supported by testimony. As appellant did not object to the submission of the issue on the ground specified, he is not, under the authorities now to be cited, entitled to urge the contention he makes in this court. Riedel v. Wenzel, 186 S. W. 386; Traction Co. v. Rogan, 199 S. W. 1135; Milling Co. v. Glasgow, 194 S. W. 686; Ross v. Moore, 191 S. W. 853; Bank v. Smith, 183 S. W. 862; Insurance Co. v. Burwick, 193 S. W. 167; Railway Co. v. Weems, 184 S. W. 1103. In the Wenzel Case the court said:

"By failing to object to the submission of the issue as to waiver, appellant agreed that the facts raised the issue. He cannot be heard now to say that there was no evidence of waiver."

The contention made, that the finding that the additional cost to appellee of placing in the building other mantels than those first agreed upon was $74.90 was unsupported by testimony, must be overruled. The contention, it seems, is on the theory that the testimony of appellee, on page 5 of the statement of facts, that changes in mantels agreed upon made it necessary to make changes in chimneys, was excluded by the court; and it appears from the note on that page of the statement that that testimony was excluded, but we think it must be said to further appear that, after being excluded, it was again offered and admitted, for it appears on page 15 of the statement of facts that appellee testified without objection that it was "necessary to make some changes in the chimneys in order to accommodate the new mantels," and that the change was made at appellant's request.

The complaint in appellant's brief remaining undisposed of is that the judgment is excessive in the sum of about $146. The contention is based on the fact that the court, in rendering the judgment, failed to allow appellant credit for the $25 a month the jury found to be the rental value of the building from May 1, when it should have been completed, appellant says, and September 5, 1913, when it was completed. The contention ignores the fact that there was no finding by the jury that appellant was entitled to recover the rental value of the building during that time, and the fact that the court in effect found, when he refused to allow appellant anything on account of the delay in the completion of the building, that he was not entitled to recover such rental value.

The judgment is affirmed.