## COOLEY v. PERRY et al. (No. 2032.)

(Court of Civil Appeals of Texas. Amarillo. March 7, 1923.)

**1. Brokers ⊕61(1)—Owner liable for commission if sale fails for defect of title.**

If an owner unqualifiedly assents to the contract negotiated by his agents, and directs the agents to give further attention to the consummation thereof, and the sale is not consummated because of some defect of title or fault on the part of the owner, the owner would be liable for the commission.

**2. Brokers ⊕61(4)—Agent's notice that right of possession must be adjusted held to defeat commission.**

Where the owner did not assent to the sale of land unconditionally, but informed the agents he did not know how the land was used, so he would leave it to his brother, to whom he had previously referred the agents for information as to when possession could be obtained, the agents had notice that the question of possession must be satisfactorily arranged as a condition of the sale, and are not entitled to their commission when the purchaser refused to consummate the deal because possession could not be obtained when desired.

Appeal from Hale County Court, L. D. Griffin, Judge.

Suit by E. H. Perry and others against A. E. Cooley. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Williams & Martin, of Plainview, for appellant.

Kinder, Russell & Griffin, of Plainview, for appellees.

BOYCE, J. [1] If the sale had been consummated under the contract made by the agents of Perry & Cram, for A. E. Cooley, on July 10, 1921, or even if Cooley had unqualifiedly assented to the contract and directed the agents to give further attention to the matter in consummating the same, and the sale was not consummated through some defect of title or fault on the part of Cooley, then he would, we think, be liable for the 5 per cent. commission. Riedel v. Wenzel (Tex. Civ. App.) 186 S. W. 386.

[2] The contract of July 10th was unauthorized. Cooley was not informed that the agents had signed a contract binding him to sell the land. He did not assent to the sale unconditionally, but sent the deed to his brother, and informed the agents that he did "not know how the land was used, so had to leave it all to my brother." This, as well as the previous reference of the agents to his brother for information as to when possession of the land could be delivered, was notice to the agents that the question of possession must be satisfactorily arranged as a condition to the sale. If, therefore, the sale was not consummated because of the matter of delivery of possession, the agents were not entitled to their commission. Perry testified that the "final conclusion" of the proposed purchaser was that he would not take the land because the tenant thereon would not deliver possession until the 1st of January.

The defendant, and not the plaintiff, was entitled to the peremptory instruction. We have had some doubt, and even difference of opinion among ourselves, as to whether we should not reverse and render the case, but have concluded to remand it.

Reversed and remanded.