OSCE GOODWIN V. MRS. ROXANA GUNTER ET AL.

No. 2432.    Decided April 19, 1916, June 13, 1917.

**1.—Land Agent—Contract—Commissions.**

Though a real estate broker fails to procure a purchaser able and willing to buy at the price fixed and thereby earn his commission under the contract, he is entitled to his compensation according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale on terms satisfactory to himself, though for a less amount than that to which the broker was limited. Hancock v. Stacy, 103 Texas, 219, and other cases followed. (Pp. 60, 61.)

**2.—Same.**

Where the broker's effort to effect a sale to a particular buyer has, after fair opportunity and without fault of the owner, come to naught, resulting in failure and termination of the negotiation, the owner may, by direct and independent negotiation, effect a sale to the same buyer at a less price than previously named, without making himself liable to the broker for commissions. Pryor v. Jolly, 91 Texas, 86, approved. (P. 61.)

**3.—Same—Estoppel—Pleading.**

The owner of land, in negotiating directly for its sale with a purchaser interested therein through the efforts of a sub-agent of a broker employed by the owner to sell it, was misled by statements of such sub-agent, made to the purchaser and communicated by him to the owner, that neither he nor the broker were interested in the sale except as prospective purchaser or agent for its re-sale in smaller lots. This fact was available to the owner as a defense against an action by the broker for his commission only on the ground of plaintiff's estoppel thereby, and as such defense it was required to be pleaded. (Pp. 61, 62.)

ON REHEARING.

**4.—Same—Findings of Trial Court.**

The finding by the trial court that a prospective purchaser of land was unwilling to buy and would not have bought at the price to which the agent procuring him was limited, and hence was not procured as a purchaser at that price, was rather an erroneous conclusion of law that in such case the agent was not entitled to his commission, than a finding that in fact the agent was not the procuring cause of a sale made by the owner direct to such purchaser at a less price. (Pp. 63, 64.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Goodwin sued Mrs. Gunter and having appealed from a judgment in favor of defendant, obtained writ of error from the Supreme Court on its affirmance (142 S. W., 664).

*J. M. Eskridge* and *M. B. Templeton,* for plaintiff in error.—Goodwin's contract with Mrs. Gunter and her authorized agent being for a fixed commission upon a listed price, and the efforts and means employed by Goodwin having brought the parties together, it is altogether immaterial in a suit by Goodwin against Gunter whether Witwer, the subagent, disclosed or did not disclose the agency or stated or did not state that he had no personal interest in the matter.   Byrd v. Frost, 29 S. W., 46; McDonald v. Cabiness, 98 S. W., 946.

The Court of Civil Appeals having adopted literally the conclusions of fact found by the trial judge and embraced the same in its opinion, the statement found in the opinion to the effect that Goodwin was not the procuring cause must be treated merely as argumentative and the formal findings of fact should govern.   Hamburger v. Thomas, 118 S. W., 774; Loomis & Broaddus v. Leavell, 134 S. W., 745; Hoefling v. Hambleton, 84 Texas, 517; Adams v. Decker, 34 Ill. App., 17; Gilder v. Davis, 137 N. Y., 504· Plant v. Thompson, 42 Kan., 664; Carroll v. Petit, 67 Hun, 418.

The court erred in holding that because the price at which Lindsley bought the land from Mrs. Gunter, through Bliss, her agent, was slightly different from that listed with Goodwin, the broker, that, therefore, and for this reason Goodwin was not entitled to recover, notwithstanding the modification, the price being satisfactory to the buyer and the seller, and Goodwin's agency not having been revoked.   Meacham on Agency, sec. 965; Keys v. Johnson, 68 Pa., 42; Stewart v. Mather, 32 Wis., 344; Sussdorf v. Schmidt, 55 N. Y., 319; Bowser v. Field, 17 S. W., 45; Graves v. Baines, 78 Texas, 92, 14 S. W., 256; Adams v. Decker, 34 Ill. App., 17; Carroll v. Petit, 67 Hun, 418.

The fact that Judge Bliss sold the land to Lindsley (excluding crops) for a less price per acre than that listed with Goodwin does not justify the conclusion that Goodwin was not the procuring cause of the sale and of bringing the parties together.   Hancock v. Stacy, 103 Texas, 219; Byrd v. Frost, 29 S. W., 46; Graves v. Baines, 78 Texas, 92; Pierce v. Nichols, 110 S. W., 206; Hoefling v. Hambleton, 84 Texas, 517; Adams v. Decker, 34 Ill. App., 17; Gilder v. Davis, 137 N. Y., 504; McFarland v. Lillard, 2 Ind. App., 160; Plant v. Thompson, 42 Kan., 664; Carroll v. Petit, 67 Hun, 418; Hoadly v. Savings Bank, 44 L. R. A., 350.

*Clark & Bliss,* for defendant in error, Roxana Gunter.—The evidence justifies the finding of fact made by the trial court that appellant was not the procuring cause of the purchase of the land by Lindsley.   Brown v. Shelton, 23 S. W., 483; Blodgett v. Sioux City, etc., Co., 63 Iowa, 606; Cullen v. Bell, 43 Minn., 227; Darrow v. Harlow, 94 Am. Dec.,

541, 21 Wis., 303; Alden v. Earle, 121 N. Y., 688; Sibold v. Bethlehem Iron Co., 83 N. Y., 383; Ellsmore v. Gamble, 62 Mich., 543.

The condition in the contract between appellee, Roxana Gunter, and appellant upon which appellant was to ·receive a commission for the sale of the land being that he should procure a purchaser who would buy. the land at $35 per acre, and appellant never having procured a purchaser who was ready and willing to purchase said land at $35 per ·acre, he was not entitled to recover of appellee, Roxana Gunter, in any event, appellant neither having alleged nor shown by the evidence that there was any collusion between appellee, Roxana Gunter, or her agent, Bliss, and Lindsley to defeat appellant of his commission. Pryor v. ·Jolly, 91 Texas, 86; English v. Wm. George Realty Co., 117 S. W., 996; ·Largent v. Storey, 61 S. W., 977; Armes v. Cameron, 19 D. C., 435; ·Schwartze v. Yearly, 31 Md., 270; Williams v. McGraw, 52 Mich., 480; ·Childs v. Ptomey, 17 Mont., 502; Ball v. Dolan, 114 N. W., 998; Mc-Arthur v. Slauson, 53 Wis., 41; Hurd v. Neilson, 100 Iowa, 555; Antis-del v. Canfield, 119 Mich., 229; Ball v. Dolan, 114 N. W., 998; Bentley v. Edwards, 125 Minn., 179.

*Spence, Knight, Baker & Harris,* for defendant in error Lindsley.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The action was one for the recovery of commissions by Osce Goodwin, as plaintiff, growing out of the sale of a large tract of land belonging to Mrs. Gunter, the defendant.

The plaintiff, Goodwin, had a contract with Mrs. Gunter's agent, Judge Don A. Bliss, by the terms of which he was to receive a commission of five per cent on the selling price of the land if he procured a purchaser at $35 per acre, with the privilege of buying it himself. During the life of this contract a sale of the land was made by Judge Bliss, acting for Mrs. Gunter, to Henry D. Lindsley at $30 per acre, in ·cash. Goodwin claimed ·that through his own efforts and those of W. C. Witwer, his agent or associate, Lindsley was induced to become ·the purchaser, and thereon based his suit. To the action of Goodwin Mrs. Gunter pleaded a general denial, entering a cross-action against Lindsley and seeking judgment over against him, if cast by Goodwin, on ·account of representations made by Lindsley to Judge Bliss in the clos-ing of the sale by the latter to the effect, in substance, that neither Goodwin nor Witwer was instrumental in his becoming the purchaser. The trial, which was without a jury, resulted in a judgment for Mrs. Gunter against Goodwin's claim, and accordingly in Lindsley's favor on the cross-action, which was affirmed by the Court of Civil Appeals.

The substance of the essential facts found by the trial court and adopted by the Court of Civil Appeals amounts to this:

Mr. Goodwin, after making the contract with Judge Bliss in May or June, 1909, endeavored to find a purchaser of the land. About June 14 he made an agreement with Witwer by which Witwer was to receive

a division of his commission if he could interest Lindsley in the land and procure him as a purchaser. Thereupon Witwer engaged Lindsley in a conversation and informed him of the land being for sale and the price, and recommended it as a profitable purchase. Lindsley made inquiries of others in an effort, as the trial court states, to ascertain the names and addresses of proper parties; and learned that Judge Bliss of San Antonio represented Mrs. Gunter. On June 17 he wrote Judge Bliss for information concerning the land, who referred him to the resident manager of the property. Two or three conversations occurred between Lindsley and Witwer, the latter continuing to recommend the purchase. In response to an inquiry Witwer informed Lindsley that he had no personal interest in the transaction, but would like to obtain a position to resell the land in small tracts if Lindsley bought it. He also stated to Lindsley that Goodwin's only interest in the matter was that of a prospective purchaser for himself or with others, or to assist in financing the purchase. Goodwin knew nothing of these statements. A day or so later Lindsley and Witwer together inspected the land. After making an engagement by telephone with Judge Bliss, Lindsley, on the night of July 5, went to San Antonio and met Judge Bliss at his office the next morning. On that morning Goodwin sent a telegram to Judge Bliss, stating that he believed Lindsley was interested, requesting if Lindsley took up the purchase directly that he and Witwer be protected in the commissions, and advising of a letter to follow. Judge Bliss had received this telegram when he entered upon the negotiation with Lindsley in his office that morning. He also had at that time a copy of a letter Witwer had written Mrs. Gunter on June 24 in regard to Lindsley being interested in a purchase of the land. At the opening of their conversation this telegram and letter were shown to Lindsley by Judge Bliss, whereupon the former stated that neither Witwer nor Goodwin had anything to do with procuring him as a purchaser; that Witwer's only interest in the transaction was to obtain employment under him for resale of the land if he bought it; that he did not know Goodwin in the transaction at all; and that if his offer of $30 per acre, cash, was accepted, Mrs. Gunter would have to pay no commission to anyone. This was communicated to Mrs. Gunter, and in reliance thereon she accepted Lindsley's offer of $30 per acre cash, he being advised that his offer was accepted with the understanding that neither Goodwin nor Witwer had procured him as a purchaser and that Mrs. Gunter would not have to pay a commission on account of the sale to him.

The land was afterwards conveyed to Lindsley by Mrs. Gunter, with knowledge that Goodwin claimed a commission.

The further finding of the trial court was that Witwer's conversations with and visits to Lindsley "to some extent stimulated or accelerated Lindsley in his movements" which resulted in his purchase of the land; also, that Lindsley was not willing to pay more for it than his offer of

$30 per acre, "hence he was not procured as a purchaser at the price at which Goodwin had the land for sale."

In its conclusions of law it was also found by the trial court that Goodwin was not the procuring cause of the sale. The reason there given by the court for the finding was that Witwer did not disclose to Lindsley his relations with Goodwin; that Lindsley had the right to rely upon Witwer's statements that he had no interest in the matter and that Goodwin was only interested in it as a prospective purchaser or to finance the purchase, upon which Lindsley, in good faith, made his statement to Judge Bliss, which was accepted as true by the latter and caused the acceptance of Lindsley's offer.

The rule of law which governs the case is settled and plain, and its application presents no difficulty. It is a general doctrine that in order for a broker to be entitled to commissions under a contract stipulating for their payment in the event of his sale of given property upon stated terms, a purchaser must have been produced through his efforts, ready, able and willing to buy the property upon the contract terms; otherwise the contract is not fulfilled upon the broker's part and the commissions are therefore not earned. But the commissions are earned and the broker is entitled to their payment according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale upon terms which are satisfactory to himself, though different from those limited to the broker and yielding the owner a less amount than that for which the broker was empowered to sell. This is but a rule of fairness and right. In such a case the owner receives the full benefit of the broker's effort. Through the diligence of the broker a buyer is produced. Having interested a prospective buyer the broker is entitled to a fair opportunity of making a sale to him upon the terms authorized. That the owner, pending the broker's negotiation, may, in disregard or repudiation of his obligation to respect the broker's right to conclude the transaction, take the matter into his own hands, avail himself of the broker's effort, close a sale upon satisfactory terms, and yet deny the broker's right of compensation, is a proposition not to be countenanced. It is no answer in such a case to say that a purchaser has not been produced by the broker, ready, able and willing to buy upon the terms limited by the contract, and the owner is, therefore, free to deal with the buyer, though produced by the broker, without any liability to the latter. That becomes unimportant in the face of the outstanding fact that it is by the broker the buyer is produced, and, before his negotiation is concluded, a sale is made, as the result of his effort, which is presumably just as satisfactory to the owner. The owner will, therefore, be deemed, in such a case, to have waived the terms to which the broker was confined, and the law declares him liable for the commissions fixed by the contract, for the reason that, except as to such waived provision, the broker's part of the contract has been fully performed  The decisions of this court clearly affirm this principle. It is recognized, generally, elsewhere; and nothing else could

well be the law. Hancock v. Stacy, 103 Texas, 219, 125 S. W., 884; McDonald v. Cabiness, 100 Texas, 615, 102 S. W., 721; Hamburger et al. v. Thomas, 118 S. W., 770; Loomis v. Broaddus, 134 S. W., 743; Chilton & Cole v. Butler, 1 E. D. Smith (N. Y.), 150.

A different state of case is presented and, therefore, a different rule prevails where the broker's effort with a particular buyer has, after fair opportunity and without any fault of the owner, come to naught, resulting in the failure and termination of his negotiation; and, later, the owner by direct and independent negotiation effects a sale to the same buyer, though upon the same terms originally authorized to the broker. Under such circumstances the broker can not be justly considered the procuring cause of the owner's sale, and the latter incurs no liability to him on that account. Pryor v. Jolly, 91 Texas, 86, 40 S. W., 959; Hancock v. Stacy, 103 Texas, 219, 125 S. W., 884.

In the present case, therefore, the only question, as between Goodwin and Mrs. Gunter, presented by the stated facts is, whether it was through Witwer's efforts, acting for or in association with Goodwin, that Lindsley was caused to enter upon the negotiation with Judge Bliss, Mrs. Gunter's representative, so as to constitute Goodwin, in a legal sense, by this means the procuring cause of the sale. Goodwin had no direct communication with Lindsley. He acted entirely through Witwer, and his right to the commissions claimed depends upon the legal effect of Witwer's acts. The sale was made to Lindsley while Goodwin's agency was still in force, and before the negotiation of Witwer with Lindsley had been concluded, or a reasonable time had elapsed for its conclusion. That negotiation, whatever its character, can not be regarded otherwise than as still pending when the matter was taken up by Judge Bliss directly with Lindsley. Before he closed the sale he was in effect plainly advised by Goodwin's telegram of the latter's negotiation, through Witwer, with Lindsley. With the sale made to Lindsley under these circumstances, Mrs. Gunter would be plainly liable for Goodwin's commissions under the contract, according to the rule above announced, if, in fact, it was Witwer's effort that brought Lindsley before Judge Bliss. That, as already stated, was the only question to be determined in the case in the trial court, as between Goodwin and Mrs. Gunter, and is the only one with which we are concerned.

In behalf of Mrs. Gunter it is sought to introduce another question and to support the judgment by an apparent finding of the trial court thereon, namely, the communication by Lindsley to Judge Bliss of Witwer's representations to the former, in substance, that he had no interest in Lindsley becoming a purchaser of the land except to obtain employment under him, and that Goodwin had none in the matter except as a possible purchaser himself, or to finance the purchase, and Judge Bliss' reliance thereon in making the sale to Lindsley. These matters, however, if available to defeat Goodwin's claim for the commissions, could only do so upon the principle of estoppel. Witwer's representa-

tions to Lindsley were not pleaded by Mrs. Gunter as an estoppel against Goodwin, and this latter question is, therefore, out of the case.

Whether Witwer's action produced Lindsley as a purchaser was purely a question of fact. The forum for its determination was the trial court. Whatever reason may have been given by that court for the conclusion, it distinctly found that Lindsley was not procured as a purchaser by Goodwin through Witwer. Though the trial judge had stated no conclusion on the subject, the judgment against the claim for the commissions would import that finding. This court does not try the facts of a case. We are constantly besought to do so, but the Constitution confines our jurisdiction to "questions of law," and we decline to exercise any other. If by proof which was uncontroverted it is established by the record that Witwer's action produced Lindsley as the purchaser of the land, Goodwin would be entitled to recover as a matter of law; but unless such is the state of the proof the question remains one of fact, upon which we would not substitute our opinion for that of the trial court whose duty it was to determine it, or for that of the Court of Civil Appeals whose authority it was to review it. We have made a careful examination of the record. It is not open to question that it presents evidence from which a court, trying the facts, could conclude that Witwer did not procure Lindsley as the purchaser. Lindsley himself so testified, without objection. Witwer told Lindsley of the land being for sale and the price put by the owner upon it, but Lindsley testified that he already knew of its being for sale from information given him by another. Lindsley, according to his testimony, by his own inquiry, learned that Judge Bliss was the representative of the land who could be dealt with for its purchase. In one phase, the evidence, in effect, is that Witwer's conversations with Lindsley were confined to his recommending the purchase, with the distinct assurance that he had no interest in its being made except to obtain the opportunity of reselling the land under employment by Lindsley. This, if true, was a direct repudiation by Witwer of all agency for Mrs. Gunter in the transaction with Lindsley. It amounted to a declaration that he was not seeking to serve her, his principal, but solely himself. It was evidence, in other words, that Witwer did not regard his effort to induce Lindsley to make the purchase as any influence exerted in Mrs. Gunter's behalf, or, from the standpoint of her interest, a procuring cause of Lindsley's concern in a purchase. In one sense it was equal to an admission by Witwer that, so far as Mrs. Gunter was concerned, he was not to be considered a procuring cause of the sale; and assuredly bore upon the question of the weight to be attached to his negotiation with Lindsley in the settlement of that issue. Lindsley admitted as a witness that Witwer's conversations and visits to him to some extent stimulated his action in the matter; but his testimony amounts to a positive denial that they caused him to enter upon the transaction of the purchase. As to what was the inducing cause of Lindsley's negotiation with Judge Bliss, whether the information given by Witwer and the

latter's recommendation of the purchase, or his own initiative, is a matter of speculation. It was essentially a question of fact in the state of this record; and its determination by the trial court will, therefore, not be disturbed.

The judgments of the District Court and Court of Civil Appeals are affirmed.

Opinion delivered April 19, 1916.

### ON MOTION FOR REHEARING.

Upon further consideration we are of the opinion that we erroneously construed the trial court's findings of fact and law in this case as an independent and definite finding that Goodwin was not the procuring cause of the sale of the land to Lindsley; upon which construction it was that we affirmed the judgment. As held in the original opinion, Goodwin, in the state of the pleading at the time of the trial, was entitled to recover his commission, though the sale made to Lindsley by Judge Bliss as Mrs. Gunter's agent was for a price per acre less than the land had been listed to Goodwin, provided it was true as a matter of fact that his efforts through Witwer were responsible for the negotiation between Judge Bliss and Lindsley. In this holding we but applied the established rule that in a case of this character the broker is not deprived of his right to his stipulated commission by the circumstance that a sale of the property is made for a price less than as limited to him, if he in fact procures a prospective purchaser with whom directly, pending his own negotiation, the principal, with knowledge that such negotiation is pending, concludes the sale upon terms satisfactory to himself,—it appearing from the evidence that Goodwin's negotiation, through Witwer, of a sale of the land to Lindsley had not been concluded when the sale made to the latter by Judge Bliss was agreed upon, and that Judge Bliss had notice at the time of Goodwin's claim to a commission in the event of a sale to Lindsley. It was, therefore, our view that the only question in the case was whether Witwer's efforts were the procuring cause of the purchase being taken up by Lindsley directly with Judge Bliss.

The finding of the trial court was "that Lindsley was not willing to pay more for said lands than his offer of $30 per acre, and would not have done so, *hence* he was not procured as a purchaser at the price at which Goodwin had the land for sale." This, we think, expressed the trial court's view of the law of the case, rather than a finding upon the issue of fact to which we have referred. It indicated the opinion that Lindsley could not be regarded as a purchaser procured by Goodwin, unless he was willing to pay for the land the price at which it had been listed with Goodwin, notwithstanding it was Goodwin's efforts through Witwer that caused him to enter upon his negotiation with Judge Bliss. As stated in the original opinion and as we here reaffirm, this is not the law. Under the facts it was possible for Lindsley to be regarded as

having been "procured as a purchaser" by Goodwin though he was un-willing to pay the price at which the land was listed with Goodwin and in fact concluded the purchase for a less price.   Goodwin was entitled to have the evidence upon this issue determined in the light of the correct rule of law.   The trial court's view of the law being as ex-pressed in the above finding, it can not be said that such right was accorded him.   It is only fair, therefore, that the case be remanded in order that it may be correctly tried.

The Court of Civil Appeals predicated its view of the case upon the findings of fact of the trial court.

It is insisted by Goodwin's counsel that the evidence shows conclu-sively that Witwer's efforts were the cause of Lindsley's taking up the matter of the purchase with Judge Bliss.   We do not agree with this contention.   We think it reveals a state of conflict.

The judgment of affirmance is set aside, and the entire case is re-manded to the District Court for further trial.

*Reversed and remanded.*

Opinion filed June 14, 1917.