1. COURTS ☞247(5)—TEXAS SUPREME COURT — CERTIFICATE FROM COURT OF CIVIL APPEALS. .

The Supreme Court may decide questions certified to it by the Court of Appeals in cases within that court's final jurisdiction, provided such certificate is not based on Vernon's Sayles' Ann. Civ. St. 1914, art. 1620, authorizing certificates where a judge dissents.

2. COURTS ☞247(5)—TEXAS SUPREME COURT — CERTIFICATE FROM COURT OF CIVIL APPEALS. .

Where Court of Civil Appeals concurred in the original opinion and overruled a motion for rehearing with a dissent, a certificate to the Supreme Court, stating that the order overruling the rehearing motion was set aside on the court's own motion and questions certified because of doubt regarding the original decision, the certificate is not based on Vernon's Sayles' Ann. Civ. St. 1914, art. 1620, authorizing certificates where a judge dissents, but on article 1619, authorizing certificates where the court deems it advisable, etc.

Certified Questions from Court of Civil Appeals of First Supreme Judicial District.

Action between J. M. Wilson and E. A. Giraud. From an adverse decision, J. M. Wilson appealed to the Court of Civil Appeals, which certified certain questions to the Supreme Court. On motion to dismiss the certified questions. Overruled. '

E. P. & Otis K. Hamblen, of Houston, for appellant. Baker, Botts, Parker & Garwood, of Houston, for appellee.

PHILLIPS, C. J. This case is before the court on certified questions from the honorable Court of Civil Appeals for the First District. The appellant has moved that the certificate be dismissed because of the want of jurisdiction in this court to determine the questions certified. The ground of the motion is that the case is one of boundary, of which the jurisdiction of the Court of Civil Appeals is final, and that the questions were certified because of the dissent from the judgment of the Court of Civil Appeals by one of its members.

[1] The case appears to be one of boundary. Accordingly, if the questions had been certified because of a dissent on the part of one of the judges of the Court of Civil Appeals— that is, under article 1620, we would be without jurisdiction. Herf v. James, 86 Tex. 230, 24 S. W. 396. The mere fact, however, that a case is one within the final jurisdiction of the Court of Civil Appeals, does not deprive this court of jurisdiction to decide questions arising therein and certified to it by the Court of Civil Appeals. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567. The question is fully discussed in Wallis v. Stuart, wherein Herf v. James was limited to cases arising strictly on a certificate of dissent.

[2] We do not construe the present certificate as made because of a dissent. In the de-cision of the case on its original hearing, all of the judges of the Court of Civil Appeals appear to have concurred. The appellee's motion for a rehearing was overruled by a majority of the court, Chief Justice Pleasants dissenting. The certificate states that the court, of its own motion, had set aside the order overruling the motion for rehearing. It furthermore states that the questions were certified because of the court's doubt as ·to the correctness of its original decision. It does not indicate that the questions were certified merely because of the dissent entered in respect to the court's original action on the motion for rehearing. The certificate is to be construed as having been made under article 1619, rather than article 1620. The motion to dismiss is therefore overruled.

---

## GOODWIN v. GUNTER et al. (No. 2432.)

(Supreme Court of Texas. June 13, 1917.)

1. BROKERS ☞57(2)—COMMISSIONS—PROCURING PURCHASER.

A broker is entitled to a commission though the sale is made for a price less than limited to him, if ·he in fact procures a prospective purchaser with whom directly, pending his own negotiation, the principal, with knowledge that such negotiation is pending, concludes the sale on terms satisfactory to himself, though ·the purchaser was unwilling to pay the price at which the land was listed with the broker.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72.]

2. TRIAL ☞404(2)—FINDING—CONSTRUCTION.

Finding in a broker's action for commission on a sale at $30 per acre of land listed by defendant owner with plaintiff at· $35 per acre, concluded directly by the owner with L., with whom plaintiff was negotiating, "that L. was not willing to pay more * * * than his offer of $30 per acre, and would not have done so, hence he was not procured as a purchaser at a price at which G. [plaintiff] had the land for sale," is an expression of the trial court's view of the law, rather than a finding on the issue of fact whether the broker's efforts were the procuring cause of the purchase being taken up by the purchaser directly with the owner.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 958.]

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

On rehearing. Former opinion (185 S. W. 295) set aside, judgment of Court of Appeals (142 S. W. 664) reversed, and case remanded.

J. M. Eskridge, of San Antonio, and M. B. Templeton, of Dallas, for plaintiff in error. Clark & Bliss, of San Antonio, and Spence, Knight, Baker & Harris, of Dallas, for defendant in error Lindsley.

PHILLIPS, C. J. [1, 2] Upon further consideration we are of the opinion that we erroneously construed the trial court's findings of fact and law in this case as an independent and definite finding that Goodwin was not the procuring cause of the sale of the land to Lindsley; upon which

construction it was that we affirmed the judgment. As held in the original opinion, 185 S. W. 295, Goodwin, in the state of the pleading at the time of the trial, was entitled to recover his commission, though the sale made to Lindsley by Judge Bliss as Mrs. Gunter's agent was for a price per acre less than the land had been listed to Goodwin, provided it was true as a matter of fact that his efforts through Witwer were responsible for the negotiation between Judge Bliss and Lindsley. In this holding we but applied the established rule that in a case of this character the broker is not deprived of his right to his stipulated commission by the circumstance that a sale of the property is made for a price less than as limited to him, if he in fact procures a prospective purchaser with whom directly, pending his own negotiation, the principal, with knowledge that such negotiation is pending, concludes the sale upon terms satisfactory to himself,—it appearing from the evidence that Goodwin's negotiation, through Witwer, of a sale of the land to Lindsley had not been concluded when the sale made to the latter by Judge Bliss was agreed upon, and that Judge Bliss had notice at the time of Goodwin's claim to a commission in the event of a sale to Lindsley. It was therefore our view that the only question in the case was whether Witwer's efforts were the procuring cause of the purchase being taken up by Lindsley directly with Judge Bliss.

The finding of the trial court was "that Lindsley was not willing to pay more for said lands than his offer of $30.00 per acre, and would not have done so, hence he was not procured as a purchaser at the price at which Goodwin had the land for sale." This, we think, expressed the trial court's view of the law of the case, rather than a finding upon the issue of fact to which we have referred. It indicated the opinion that Lindsley could not be regarded as a purchaser procured by Goodwin, unless he was willing to pay for the land the price at which it had been listed with Goodwin, notwithstanding it was Goodwin's efforts through Witwer that caused him to enter upon his negotiation with Judge Bliss. As stated in the original opinion and as we here reaffirm, this is not the law. Under the facts it was possible for Lindsley to be regarded as having been "procured as a purchaser" by Goodwin though he was unwilling to pay the price at which the land was listed with Goodwin and in fact concluded the purchase for a less price. Goodwin was entitled to have the evidence upon this issue determined in the light of the correct rule of law. The trial court's view of the law being as expressed in the above finding, it cannot be said that such right was accorded him. It is only fair, therefore, that the case be remanded in order that it may be correctly tried.

The Court of Civil Appeals predicated its view of the case (142 S. W. 664) upon the findings of fact of the trial court.

It is insisted by Goodwin's counsel that the evidence shows conclusively that Witwer's efforts were the cause of Lindsley's taking up the matter of the purchase with Judge Bliss. We do not agree with this contention. We think it reveals a state of conflict.

The judgment of affirmance (185 S. W. 295) is set aside, and the entire case is remanded to the District Court for further trial.