GIBBENS v. WILLIAMS.    (No. 7204.)

Court of Civil Appeals of Texas. Austin.
March 14, 1928.

Rehearing Denied April 4, 1928.

1. Brokers ⚖57(2)—Broker producing purchaser to whom owner sold mules at less price than that at which they were listed may recover commission.

In action for broker's commission on sale of mules, plaintiff's evidence showing property was listed with him, and that he sent purchasers to whom property was sold, *held* as matter of law to show plaintiff was entitled to commission notwithstanding that owner sold some of mules at less price than that at which mules were listed.

2. Brokers ⚖52—Broker furnishing purchaser who purchased on terms satisfactory to owner fulfilled requirement of contract that he "actually sell" property.

Broker with whom mules were listed for sale, who furnished to owner purchaser who purchased property on terms satisfactory to owner, *held* to have fulfilled requirement of contract that he "actually sell the mules."

[Ed. Note.—For other definitions, see Words and Phrases, Actually Sold.]

3. Appeal and error ⚖1177(7)—Where evidence warranted directed verdict for appellant, but case was not fully developed on trial, cause will be remanded.

Where verdict was directed for defendant at close of plaintiff's testimony so that case was not fully developed on trial, judgment will not be rendered on appeal notwithstanding that plaintiff's evidence entitled him to directed verdict in his favor, but cause will be remanded for another trial.

Appeal from District Court, Schleicher County; J. F. Sutton, Judge.

Action by John Gibbens against Lee Williams. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Ditzler H. Jones, of Uvalde, for appellant.
James Cornell and W. A. Anderson, both of San Angelo, for appellee.

BAUGH, J. Appellant sued appellee for a broker's commission of $1 per head on a sale of 498 head of mules belonging to Williams. At the close of appellant's evidence, the court instructed a verdict for Williams, and rendered judgment accordingly, from which this appeal is prosecuted.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The record discloses substantially the following facts: John Gibbens lived in Uvalde county. Lee Williams lived in Schleicher county. On January 31, 1924, Gibbens wrote Williams as follows:

"Recently in conversation with J. D. Wylie, in Uvalde, Texas, formerly of San Angelo, Texas, he remarked that I might be able to purchase some mules from you.

"If you have any mules for sale, I have a party who wants several hundred, provided he can buy them at the right prices.

"Please send me ages, best prices and number of each class, as to ages, also the commission you will allow me.

"I feel sure we can sell all you care to dispose of.

"Please let me hear from you at an early date in regard to this matter."

To this letter Williams replied on February 4, 1924, as follows:

"Your letter written from Uvalde, Texas on the 31st to hand & contents noted. Now in regard to the mules, will say that I have about 500 head that are for sale at a bargain; there are:

"125 coming 4 year old.
"150 coming 3 year old.
"150 coming 2 year old.
"150 coming 1 year old.

"I would to sell the entire bunch if I can & it will take much less money to buy them as the number that I sell is what counts with me. I have them priced this way: The 4s $60.00, the 3s $50.00, the 2s $40.00, and the colts $30.00 & will pay you the regular commission of $1.00 per head, that is, if you actually sell the mules, as I give no man a com. unless he actually sells my stock. I also have a nice line of young geldins 4 & 5 year olds for sale at $60.00 & they are fine, will weigh around 1000 lbs. & 15 hands & better high. Now in regard to the mules, will say that they are well bred as any mules in Texas; the jacks are from 15 to 16 hands horse measure & the mares are half German Coach & the mules are first class & I have never sold a mule at 3 years old for less than $100.00. But time have change the mule market here, the price. If your party wants a first class lot of mules I feel sure that we will have no trouble in trading. As I said before, the number is the thing with me. So let me hear from you at once as I have a lot of Mexico inquiry every week."

Soon after the receipt of this letter, John Gibbens communicated by letter and by telephone with his brother, George Gibbens, who dealt in mules, and who resided at Eagle Pass, Tex., offering said mules for sale. George Gibbens advised John that the deal was too big for him to handle alone, but that if Jim Clamp, who lived at Bracketville, Tex., would join him, they might purchase Williams' mules. George Gibbens thereafter showed to Clamp the above letter, and Clamp and George Gibbens agreed to purchase said mules if they were as represented. Within a few days thereafter George Gibbens notified his brother John, appellant, that he and Clamp wanted to go to Schleicher county

to look at the mules and requested John to go with them. John, however, was unable to go at that time, and requested George to go ahead with Clamp, take the letter above set out, show it to Lee Williams, and advise him that they had come to buy the mules. George Gibbens testified that this was done. He and Clamp bought 498 mules at the price quoted in the letter except as to about 100 one year old mules on which Williams reduced the price $5 per head below that quoted in the letter.

[1] With this uncontroverted evidence before it the trial court instructed a verdict for the defendant. In the absence of any further evidence, plaintiff was entitled to an instructed verdict in his favor. The property was clearly listed with appellant for sale. He undertook to find a purchaser, and sent, within 15 days after said mules were listed with him, as the direct result of his efforts, purchasers to the owner, to whom the property was in fact sold. All except the yearling mules were sold at the price quoted in the letter. But that fact is immaterial. Where a broker produces a purchaser to whom the owner sells the property at a less price than that at which it was listed, the broker is entitled to his commission, if he be the procuring cause of the sale. Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Goodman v. Henck (Tex. Civ. App.) 295 S. W. 351.

[2] Nor is there any merit in appellee's contention, which was obviously the view taken by the trial court, that appellant did not "actually sell the mules" as specified in Williams' letter. It was not necessary for appellant to come personally to Schleicher county, point out the mules to the purchasers, negotiate the terms, and finally complete all parts of the transaction. When the broker, through his efforts, has furnished to the owner a purchaser who purchases the property either at the list price, or on terms satisfactory to the owner, he has effected a sale thereof, and in legal contemplation has "actually sold" such property. As stated in Keener v. Cleveland (Tex. Com. App.) 250 S. W. 152:

"The rule is well established that, when a real estate broker is instrumental in bringing together the seller and a purchaser who is acceptable to him, and they consummate a sale and purchase of property on terms that are satisfactory to the seller, this constitutes the agent the procuring cause of the sale, and he is entitled to the commission agreed upon."

[3] It does not appear that the case was fully developed on the trial, and for that reason the judgment of the trial court is reversed and the cause is remanded for another trial, instead of judgment being here rendered for appellant.

Reversed and remanded.