### WALLACE v. JOHNSON et al.
### No. 864.

Court of Civil Appeals of Texas. Eastland.
May 1, 1931.

Rehearing Denied June 12, 1931.

J. A. Wheat, of Seymour, for appellants.

Dickson & Dickson, of Seymour, for appellee.

LESLIE, J.

J. J. Johnson and S. W. Dykes filed this suit against Carol M. Wallace to recover commissions alleged to be due them for the sale of real estate owned by the defendant and listed with them for sale at $17.50 per acre, or such price less than that amount as was acceptable to the owner. The defendant answered by general denial and specially pleaded that the sale was effected by another agent by the name of McWhorter. The trial was before the court and jury, and upon answer to special issues a judgment was rendered for the plaintiff. The recovery was on the quantum meruit theory, which was duly pleaded in the alternative.

In substance the plaintiffs alleged they were the procuring and efficient cause of the sale of the land to the purchaser, and the special defense was that said McWhorter was such cause. A further detailed statement of the cause of action is not necessary. It is the usual broker's suit for commissions under the facts stated, and the principles of law applicable are not in dispute but are to be found clearly stated by our Supreme Court in an opinion by Chief Justice Phillips in Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848. Also see Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151.

An issue presenting the plaintiffs' theory or contention was submitted to the jury, and their answer was favorable to the plaintiffs, finding them to be the procuring cause of the sale. The court presented to the jury no issue embodying the defendant's theory to the effect that McWhorter procured the sale, and since the defendant Wallace requested no such issue, the failure to submit the same cannot be reviewed on appeal. G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

In such state of the record such issue is held to be waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

A careful review of the record discloses that there is ample evidence to support the jury's answer to issue No. 1. In such case this court is without authority to disturb the verdict. In any event the evidence was conflicting, and where there is some evidence of probative force to support the verdict, a reviewing court will not disturb it. 3 Tex. Jur., p. 1095, §§ 767, 768.

This disposes of the appellant's proposition 1, to the effect that the court erred in refusing to give a peremptory instruction in his favor, and also assignment 5 and the

proposition thereunder, to the effect that the verdict of the jury is contrary to the evidence.

■ The second assignment and propositions thereunder complain that the court erred in refusing defendant's special charge No. 2. Omitting formal parts, it is as follows: "Gentlemen of the Jury: In order to aid you in answering Issue No. 1, you are charged that the seller had a right to employ more than one broker, and if you should find in this case from the evidence that the defendant, C. M. Wallace, did employ another broker than the plaintiff, and that it, the said other broker, was negotiating for the sale of the said land with the same buyer, either before or after or during the effort of the first broker, and such other broker succeeded in closing the deal between the buyer and the seller, and that the seller remained neutral as between the two brokers, the first mentioned broker having failed to reach a satisfactory closing, if you find that he had so failed, then the plaintiff would not be the procuring cause of the sale, even though he may have been instrumental in getting the purchaser in the mental attitude of buying the property."

Without undertaking to pass upon the correctness of this charge as a legal proposition, it is clearly a general charge on the facts of the case, and since the case was being submitted on special issues, the court did not err in refusing to give the requested charge. T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188, 190; A. J. Anderson & Co., Inc., v. Reich (Tex. Com. App.) 260 S. W. 162; K. C., M. & O. Ry. Co. v. Moore (Tex. Civ. App.) 11 S.W.(2d) 335 (3).

In the Harrington Case the railway company requested the court to submit the same on special issues and then, instead of requesting the court to submit in the usual way the issues which affected its defenses, it undertook to group its facts in special charges and have them submitted so as to obtain a general verdict from the jury. In disposing of the assignments complaining of the court's refusal to submit such special charges, the court said: "That it cannot do. Such a practice is not only in violation of article 1984a [now Art. 2189], Vernon's Sayles' Revised Civil Statutes of Texas, but has been clearly ruled out by appellate courts in Texas."

By assignments 3 and 4 and propositions thereunder, the appellant contends that the court erred in his definition of the term "procuring cause" used in his charge. Without determining whether or not "procuring cause" is such a term as is required to be explained or defined under article 2189, supra, and such authorities as Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, it is apparent that these assignments and propositions necessarily rest upon and presuppose proper objections by the defendant to the trial court's main charge. The transcript contains certain objections designed to raise the points, but these objections are merely marked "Refused, I. O. Newton, Judge presiding." This is all the record shows. It discloses nothing evidencing these objections were submitted to the trial court before the main charge was read to the jury. That being the condition of the record, the assignments of error based upon such purported objections to the court's charge, will not be considered. G., T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; M., K. & T. Ry. Co. v. Churchill (Tex. Com. App.) 213 S. W. 253; T. & P. Ry. Co. v. Baldwin (Tex. Civ. App.) 25 S.W.(2d) 969 (4).

This disposes of each point upon which this appeal is predicated. For the reasons assigned the judgment of the trial court is affirmed. It is so ordered.

### On Rehearing.

■ In our original opinion we held that the appellant's assignment of error No. 3 and proposition 4 (complaining that the court erred in his definition of "procuring cause") should be rejected since they were not based upon proper objections made to the court's charge in due time before the main charge was read to the jury and such facts properly certified by the court. In this we were in error, for these matters were recited in the early part of the motion or objections, and not immediately preceding the judge's signature, and therefore escaped our attention. The objections were properly made and duly authenticated as contended by the appellant. The proposition will be considered.

The complaint is, that the definition of "procuring cause" failed to recognize and allow the defendant (appellant) the benefit of the rule that a property owner may list his property with more than one broker and be liable to the one only who closes the deal or finds a purchaser, etc., provided he acts fairly as between such agents. In discussing the proposition the appellant frankly states that, "We do not contend that this charge would have been erroneous under the ordinary commission suit, in fact the same has been approved by the courts." Notwithstanding this admission, we have given the point our careful consideration and have reached the conclusion that the definition afforded the appellant a reasonable opportunity to have the jury determine whether or not the alleged efforts of the agent McWhorter (to whom the commission was paid) actually intervened as an efficient cause producing the sale to the purchaser of the property. Before finding that the plaintiffs were the "procuring cause" in bringing about the sale of the defendant's ranch, the court's definition of "procuring cause" compelled the jury to find that the plaintiffs' effort produced the sale, and that without it it would not have occurred. In

this respect we think the definition is clear enough and reasonably accurate, as conceded by the appellant, and we are unable to see that the court committed any error in the manner set forth in this proposition, and the same is overruled.

The motion for rehearing is overruled.