## COHEN v. COMPTON et al.
### No. 8673.

Court of Civil Appeals of Texas. San Antonio.
Nov. 11, 1931.

J. Franklin Spears and Nelson Lytle, both of San Antonio, for appellant.

Boyle, Wheeler, Gresham & Terrell and H. M. Parker, all of San Antonio, for appellees.

SMITH, J.

In this suit Compton and his copartner, Larsen, recovered of Maurice Cohen in an action for their broker's commission upon a sale of a house and lot for Cohen. The latter has appealed.

Appellant listed the property with appellees for sale at the stipulated net price of $11,500. Appellees advertised the property for sale, and through that advertisement and their personal efforts with the "prospect" procured W. S. Skinner to purchase the property. The final negotiations with Skinner resulting in the closing of the deal were conducted by appellant as the owner of the property, but it is conclusively shown that

appellees were the procuring cause of the sale. In the final negotiations appellant reduced the price from the stipulated $11,500 to $10,500, and the sale was concluded upon the latter figure. The cause was tried before the court without a jury, and the judgment was based upon written findings and conclusions of the trial judge. The findings of fact are not affirmatively questioned by any proposition presented in appellant's brief, and the appeal must therefore be determined alone upon the questions of law presented in the brief.

 It is first contended by appellant that appellees relied and recovered upon an express contract only; that the sale was consummated upon the sale price of $10,500, whereas the price stipulated in the express contract was $11,500 net, and that appellees were thereby relegated to recovery upon an implied contract and quantum meruit. We overrule this contention. The appropriate rule in such cases is that, where the owner takes over negotiations with a prospect procured by the broker, and makes the sale direct at a price other than that listed with the broker, the latter is entitled to his commission as fixed in the express agreement. Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151. Appellant's propositions 1, 2, 3, 6, and 7, will be overruled.

Appellant offered to prove by two witnesses an alleged telephone conversation between appellant and one of the appellees, and complains here of the action of the trial judge in excluding the proffered evidence. The witnesses would have testified that they were in appellant's office and heard appellant's end of a telephone conversation with a third party. These witnesses did not know to whom, if any one in fact, appellant was conversing, or what, if anything, the absent party was saying. The proffered testimony was obviously inadmissible. It offered a hearsay reproduction of purely self-serving declarations of one of the parties to the suit. We overrule appellant's fourth proposition.

The trial court admitted the testimony of one of the appellees in which he related his dealings and conversations with Mrs. Skinner, wife of the purchaser of the property in question. Appellant objected to this testimony upon the grounds that Mrs. Skinner was not the purchaser of the property nor was she alleged to be the agent of such purchaser, and that said conversations and dealings were without the presence of appellant. It is undisputed that Skinner purchased the property as a result of his wife's inspection and approval thereof through the efforts of appellees; that in pursuance of her dealings he, himself, finally inspected the property, approved her choice of it, and pur-

chased it as a result of their combined judgment, all at the procurement of appellees. It was necessary that appellees' dealings with the Skinners be put in evidence in order to show the sale was procured by their efforts, and the admission of that testimony for that purpose was not error. It may be that fragments of some of the conversations were objectionable, but their admission could not have been so harmful to appellant as to warrant reversal. Indeed, it is difficult to conceive that any other judgment than that entered could have been rendered, regardless of the admission or exclusion of those isolated fragments of conversation.

The judgment must be affirmed.