

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 8, 1959

This Opinion
Overrules Opinion
# O-708
where conflict

Mr. S. Perry Brown
Chairman & Executive Director
Texas Employment Commission
Austin, Texas

Opinion No. WW-713

Re: Whether the Texas Employment
Commission may legally pay an
attorney for services rendered
in assisting the Attorney General
in an eminent domain proceeding.

Dear Mr. Brown:

You have requested an opinion as to whether the Texas Employment Commission was authorized to employ and pay special counsel to assist the Attorney General in preparing eminent domain proceedings. You state that this attorney was employed pursuant to a request from the Attorney General for assistance in preparing a case to condemn land on which the Texas Employment Commission was to erect buildings.

Under Section 7, Article VI, General Appropriations, Acts 55th Legislature, Regular Session, 1957, Chapter 385, pages 1144 and 1145, set out in part here:

"... Where the Attorney General, District Attorney, Criminal District Attorney, County Attorney, or other lawyer is required by constitutional or statutory provision to represent a State Agency, State Official, State Board, or State Department, no compensation shall be paid from any appropriation made in this Act to any other Attorney for representing the State of Texas in the trial of a civil lawsuit except in those cases where the Attorney General, District Attorney, Criminal District Attorney, County Attorney or other lawyer, as the case may be, has requested that the attorney or attorneys employed by the particular State Agency, State Official, State Department or State Board, assist with the trial of the particular lawsuit. ..."

The Attorney General is authorized to request the assistance of counsel employed by the particular agency involved. In this instance the Texas Employment Commission, as requested, employed Robert L. Burns to assist the Attorney General in securing land by eminent domain proceedings to be brought on behalf of the State of Texas for the Texas Employment Commission.

This situation is analogous to a previous Attorney General's Opinion WW-633 where the State Building Commission hired an attorney to assist the Attorney General in preparing for the acquisition of land. Here the Commission has the authority to purchase land just as the State Building Commission did and the power on the part of both Commissions to employ attorneys comes from this power to acquire land for which the services of an attorney are needed rather than from a statute directly authorizing the employment of an attorney.

The General Appropriations Act, House Bill 133, Acts of the 55th Legislature, Regular Session, 1957, Chapter 385, pages 979-980, appropriated funds for the development of buildings to be used by the Texas Employment Commission, Attorney General's Opinion WW-526 made it clear that the Commission could purchase the land with the agreement of the land owners. This power to purchase the land did not carry with it the power to condemn; so it was necessary for the Governor to authorize and request the Attorney General to bring a condemnation suit under Article 5240, Vernon's Civil Statutes, which provides for the acquisition of land by purchase or by condemnation.

Article 5240, Vernon's Civil Statutes, states in part:

"When any land shall be required by the State for any character of public use, the Governor is authorized to purchase said land, or the right to the use thereof, for such purpose; or, failing to agree with the owner on the price thereof, such land may be condemned for such public use in the name of this State. Upon the direction of the Governor, proceedings shall be instituted against the owner of the land by the Attorney General or under his direction by the district or county attorney. . . ."

The suit is brought to condemn land in the name of the State of Texas by the Texas Employment Commission and is for the benefit of the Commission, which has a direct interest since appropriated funds for the Commission will be used to pay for the land and the buildings to be erected on the land.

Having the direct interest that it does, and the acquirement of building sites being necessary to further the Act for which the Commission was established, the Commission in furtherance of the Act can employ an attorney to assist in the preparation of the proceedings under Article 5221b-9, Vernon's Civil Statutes, which reads as follows:

"(a) Duties and Powers of Commission: <u>It shall be the duty of the Commission to administer this Act</u>; and it shall have power and authority to adopt, amend, or rescind such rules and regulations, <u>to employ such persons, make such expenditures</u>, require such reports, make such investigations, <u>and take such other action as it deems necessary or suitable to that end. . . .</u>" (Emphasis ours.)

The legality of the payment of the Attorney has been questioned on two grounds.

The objection to Article IV, Section 22 of the Texas Constitution by the Comptroller on the grounds that an attorney employed by the Commission, not being the Attorney General, could not represent the State in a legal proceeding to secure an office building has no basis since this objection was answered by the Supreme Court of Texas in <u>Camp v. Gulf Production Company</u>, 61 S.W.2d 773. It was also answered in <u>Maude v. Terrell</u>, 109 Tex. 61, 245 S.W. 639 where this point was raised and overruled. These cases hold that an Act of the Legislature would not be held unconstitutional unless it clearly deprived the Attorney General of his authority to represent the State.

The second objection raised as to the legality of the employment by the Commission of an attorney to aid the Attorney General is that Article 5221b-15, Vernon's Civil Statutes, prohibits anyone other than those attorneys who are regularly employed by the Commission to aid the Attorney General. This assumes that since this attorney was employed solely to help in one matter that he was not "regularly" employed by the Commission.

This objection is without merit since the attorney employed by the Commission to aid the Attorney General in the mentioned litigation was "regularly" employed by the Commission. The word "regularly" is an adverb and means in regular manner. The word "regular" has been held to mean to be "agreeable to an established law" (Century Dictionary quoting <u>Wise v. State Veterinary Board</u>, 138 Michigan 428, 432, 101 NW 562; Websters Dictionary quoting <u>Myers v. Resbeck, supra</u>). The word has also been held to mean "duly authorized" (Websters Dictionary quoting <u>Merchants' National Bank v. Continental National Bank</u>, 98 California A 523, 277 Pac. 354). The word "regularly" has been held to be not synonymous with "continuously" (Ex. p. Cain, 39 Alabama 440). Since this attorney employed by the Commission was employed under the authority of Article 5221b-8 Vernon's Civil Statutes, his employment certainly was "regularly" made. This opinion overrules Attorney General's Opinion 0-708 insofar as the two opinions conflict.

It is our opinion that the Texas Employment Commission was authorized to employ an attorney to assist the Attorney General in preparing for Eminent Domain proceedings authorized by the Governor for the benefit of the Texas Employment Commission.

## SUMMARY

The Texas Employment Commission may legally pay an attorney for services rendered in assisting the Attorney General in an Eminent Domain Proceeding.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John C. Steinberger
John C. Steinberger
Assistant

JCS:rm:me

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Gordon C. Cass
Wallace Finfrock
Riley Eugene Fletcher
Jay D. Howell

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert