Raymond F. SNODDY, Appellant,

v.

Virginia B. WALLACE, Appellee.

No. 1495.

Court of Appeals of Texas, Tyler.

Nov. 19, 1981.

Rehearing Denied Dec. 10, 1981.

Bill Kuhn, Dallas, for appellant.

Brett Hall, Rockwall, for appellee.

McKAY, Justice.

This is a suit for a real estate broker's fee.

Raymond F. Snoddy (Snoddy) sued Virginia B. Wallace (Wallace)[1] alleging that he produced and procured a satisfactory purchaser who was ready, willing and able to buy the property involved here on the desired terms, or on substantially similar terms, and that Wallace refused to pay his contract fee. Wallace answered with general and special denials, alleged that no sale as contemplated by either an oral or written agreement was ever consummated, that the sale ultimately agreed upon was made with numerous changes, and upon substantially different terms, and was not closed within the time limits of the contract.

After a trial before a jury, the trial court rendered judgment that Snoddy take nothing against Wallace. We affirm.

The jury found (1) that Wallace signed a written agreement to pay Snoddy a brokerage commission in the event of a sale of the Eastern Apartments to Samuel and Nancy Testa; (2) that the written agreement expired on or after May 12, 1975; (3) that Snoddy was the efficient and procuring cause of the sale of the Eastern Apartments to the Testas; (3a) that the acts inquired about in (3) occurred prior to May 12, 1975; (4) that the terms of the contract dated March 22, 1976, were substantially the same as the terms of the contract dated May 5, 1975; and (5) that Snoddy ceased his efforts to induce the Testas to purchase the property prior to the sale made by Wallace.

In his first four points Snoddy complains that the judgment of the trial court failed to give controlling effect to the jury's answers to issues one through four which support each disputed element of recovery. He further asserts that the trial court erred in failing to harmonize the jury's answer to issue five with the answers to issues one through four, and that the judgment contravenes the jury verdict.

It is undisputed that Wallace and the Testas met through the efforts of Snoddy. In March, 1975, the Testas, as buyers, signed a contract of sale on the property, an apartment complex, with certain terms, and Snoddy forwarded it to Wallace, who refused to sign it. On May 5, 1975, Wallace, as seller, signed a sales contract with different terms naming the Testas as buyers, but the Testas did not sign it. This instrument named El Tribe, Inc. and Snoddy as co-brokers. The Testas contacted Wallace on January 2, 1976, and made an offer. Apparently the Testas delivered a $15,000 earnest money check to Wallace because Mrs. Testa

1. Before trial Wallace married Ellis, but is referred to throughout as Wallace.

wrote to Wallace on January 28, 1976, asking for return of a "$15,000 deposit check, and we will send (sic) new check." The Testa letter also outlined the terms of agreement for the consummation of the sale of the apartments to the Testas. On March 22, 1976, a contract of sale was signed by both Wallace and the Testas which provided for closing on or before April 10, 1976.

Snoddy argues that the jury's answers to issues one through four are controlling and entitle him to a judgment for his commission. The jury found that Wallace signed a written agreement to pay Snoddy a commission, and that Snoddy was the efficient and procuring cause of the sale. The jury also found that such agreement expired on May 12, 1975. Snoddy cites *Goodwin v. Gunter*, 109 Tex. 56, 185 S.W. 295, 296–97 (1916), judgment set aside on rehearing 109 Tex. 56, 195 S.W. 848 (1917), *Hutchings v. Slemons*, 141 Tex. 448, 174 S.W.2d 487, 489 (1943), and other cases, in support of his contention that "if the broker unites the ultimate purchaser and seller, he is entitled to his commission notwithstanding the fact that the actual negotiations continue and conclude without him." He maintains that only if negotiations break down and renew *independent* of his efforts can the broker's agreed commission be avoided.

■ *Goodwin v. Gunter, supra,* and cases which follow it, state the general doctrine that in order for the broker to be entitled to a commission under a contract with stated terms, a purchaser must have been produced through his efforts, who is ready, able and willing to buy the property *upon the contract terms*; and the commission is earned if, *while the contract is in force*, the broker procures a purchaser to whom the owner directly makes a sale. *Gunter* further holds that where the broker's effort has come to naught, without any fault of the owner, resulting in the failure and termination of his negotiations, and later the owner, after direct independent negotiation, sells to the same buyer upon the same terms originally authorized, the broker cannot be considered the procuring cause of the owner's sale, and the owner is not liable.

■ In the case at bar Snoddy did not have a written listing agreement but relies upon the unaccepted written offer to sell signed by Wallace. The written offer to sell provided that a six per cent commission would be paid to Snoddy and El Tribe, Inc. It also provided, "If not accepted by May 12, 1975, all items agreed to herein shall become null and void." A contract of purchase and sale which provides that the seller shall pay a stated commission to the real estate agent is sufficient to comply with Section 28 of Article 6573a Tex.Rev.Civ. Stat.Ann. *Maloney v. Strain*, 410 S.W.2d 650, 652–53 (Tex.Civ.App.—Eastland 1966, no writ); *Bridwell v. Sandefur*, 341 S.W.2d 710, 712 (Tex.Civ.App.—Waco 1960, writ dism'd.).

■ However, where the writing relied upon allows the broker a specified time in which to effect a sale, such time stipulation or provision must be complied with in order to entitle the broker to any commission. *McCarty v. Brown*, 460 S.W.2d 450, 453 (Tex.Civ.App.—Tyler 1970, writ ref'd n.r. e.); *Edwards v. Parker*, 438 S.W.2d 141, 144 (Tex.Civ.App.—Dallas 1969, no writ); *Friedlander v. Christianson*, 320 S.W.2d 404, 408 (Tex.Civ.App.—Houston 1959, no writ); *Parks v. Underwood*, 280 S.W.2d 320, 324 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r. e.).

■ The above rule applies unless the owner interferes with the sale within the time specified, and such interference cannot be inferred merely because the owner subsequently sold the property to the broker's prospect. *Aday v. Martin*, 478 S.W.2d 251, 254 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Neal v. Lehman*, 11 Tex.Civ.App. 461, 34 S.W. 153 (Galveston 1895, no writ); 10 Tex.Jur.3d *Brokers* § 34 (1980).

■ Had Snoddy procured a ready, able and willing buyer within the time limit he would have been entitled to a commission even though the sale occurred after his time limit had expired, *Hodde v. Malone Real Estate Co.*, 196 S.W. 347, 349 (Tex.Civ.App.—Dallas 1917, writ ref'd), but not having done so he cannot recover a commission even though the owner later sells the prop-

erty to the prospect he procured. The record indicates that from May 12, 1975, the termination date of the Wallace contract to sell, there was no contract between the Testas and Wallace until January, 1976, and the jury could conclude that Snoddy had abandoned or ceased to induce the Testas to purchase the property. However, without an extension of the time limit Snoddy would not be entitled to a commission regardless of the question of abandonment. We overrule Snoddy's points one through four.

In points five through eight Snoddy says the trial court erred in submitting issue five because it was immaterial, and because an additional issue was necessary as to whether the sale was the result of renewed and independent efforts of the buyer and seller. He also complains that the trial court deemed found by implication the defense of abandonment when such defense was not properly requested or submitted, and that the trial court should have disregarded issue five. In our view these points must be overruled. We hold the outcome of this case must turn upon Snoddy's failure to produce a ready, able, and willing buyer within the time limit specified by the seller in the written instrument upon which Snoddy relies.

Judgment of the trial court is affirmed.