**VAN KIRK & RILES INTERESTS, INC., Plaintiff,**

v.

**FOREST OIL CORPORATION, Defendant.**

**Civil Action H–01–3301.**

United States District Court, S.D. Texas.

June 21, 2002.

Edward W. Goldstein, Houston, TX, for Plaintiff.

Guy Stanford Lipe, Houston, TX, for Defendant.

## Opinion on Judgment

HUGHES, District Judge.

1. *Introduction.*

Van Kirk & Riles Interests, Inc., is suing Forest Oil Corporation for breach of contract. Van Kirk alleges that its agreement with Forest created an agency and gave it the exclusive right to buy an oil platform for Forest. Forest claims that there was no agency and its relationship with Van Kirk was limited to Van Kirk's buying the platform directly from Agip Petroleum Company, Inc.

The question is whether Van Kirk's agreement with Forest ended when Agip accepted the bid of Cobb Offshore Equipment, Inc. Both parties have moved for summary judgment.

2. *Facts.*

Van Kirk is an offshore oil and gas equipment broker. It tries to match oil companies selling their surplus oil and gas platforms with potential buyers.

Van Kirk learned that Agip wanted to sell its Grand Isle 102 B platform. In early May 2001, Van Kirk learned that Forest was interested in buying a platform. Van Kirk began working with Forest's engineer, Continental Engineering & Construction Services, Inc., to determine if the platform met Forest's needs. Before identifying the platform and its owner, Van Kirk and Forest executed a "non-circumvention" agreement to prevent Forest from going around Van Kirk and purchasing the platform directly from Agip.

After executing the agreement, Van Kirk, Forest, and Continental inspected the platform. Forest told Van Kirk that it would pay a named price. On May 17, 2001, Van Kirk and Cobb—another broker—bid for the platform. On May 22, 2001, Agip told Van Kirk that its bid was not accepted.

When Forest learned this, it told Van Kirk that their agreement was finished. Forest then approached Agip about buying the platform. Agip could not sell the platform to Forest because it had already agreed to sell it to Cobb.

In June, Forest contacted Cobb. Cobb agreed to assign its rights to the platform to Forest for $1,150,000. At the closing, Forest bought the platform from Agip through Cobb's assignment.

### 3. *Broker, Agent.*

■ Van Kirk says its agreement with Forest created an agency. An agency is the consensual relationship between two parties where the one acts on behalf of the other, under the principal's control. 3 Tex. Jur.3d *Agency* § 1 (Supp.1999). Forest did not give Van Kirk authority to act on its behalf to buy the platform from Agip; it agreed to buy the platform "from" Van Kirk at a specified price. Van Kirk acted as an independent broker, not as Forest's agent.

■ As a broker, Van Kirk bore the risk of finding buyers and matching sellers. Forest did not empower Van Kirk to act for it to find a platform; rather Van Kirk brought Forest the opportunity to purchase a platform. Where the broker's negotiations with a particular buyer—without fault of the owner—have ended, the owner may sell to a buyer without paying the broker a commission. *Goodwin v. Gunter*, 109 Tex. 56, 185 S.W. 295 (1916). Van Kirk's efforts to re-sell the platform to Forest failed when Agip rejected its bid.

As a result, Forest was free to purchase the platform from Cobb without compensating Van Kirk.

■ Even if Van Kirk had been Forest's agent, Van Kirk would still lose because the relationship ended when Agip rejected its bid. The purpose of the agreement was to disclose an opportunity to purchase the platform from Agip through Van Kirk. The agreement was limited to Van Kirk's buying the platform from Agip so it could re-sell it to Forest. Nothing about this agreement would suggest that Forest was barred from ever acquiring the platform without Van Kirk.

■ After Agip accepted Cobb's bid, the Van Kirk–Forest relationship ended. Once the purpose of an agency is accomplished, the relationship is terminated. *Clinkenbeard v. Cent. S.W. Oil Corp.*, 526 F.2d 649, 652 (5th Cir.1976); *Jones v. Allen*, 294 S.W.2d 259, 262 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.). When the agency ends, the ex-agent is free to deal in the property on the same basis as another person, and the converse is true—the principal also is free. *Clinkenbeard*, 526 F.2d at 652. After Agip accepted Cobb's bid, the platform was no longer on the market by Agip, so Forest was free to purchase the platform directly from Cobb without obligation to Van Kirk under the Van Kirk–Forest agreement.

### 4. *Title.*

■ Van Kirk insists that Forest bought the platform directly from Agip—violating their agreement—because legal title never passed from Agip to Cobb. It is wrong.

Cobb purchased an option to buy the platform from Agip. Rights created under the option were assignable. Restatement (Second) of Contracts § 320 (1981). At

closing, Cobb assigned its rights to the platform to Forest, and Forest obtained legal title to the platform from Agip. Even though equitable title did not pass, Forest obtained the right to buy the platform directly from Agip only through its contract with Cobb. Title questions miss the point of the limited scope of Forest's commitment to Van Kirk and the point of the Agip–Cobb–Forest contracts.

## 5. Conclusion

Forest Oil Corporation will be granted judgment as a matter of law.